# SANKEY'S DISTRIBUTEES *vs.* SANKEY'S EX'RS.

1. Where executors are cited by the distributees to make settlement and distribution of the estate, a decree, ascertaining the amount in their hands, and the share therein of each distributee, and awarding to each the sum so ascertained, is a final decree, and so long as it remains in force, conclusive on the rights of the parties.

ERROR to the Orphans' Court of Montgomery.

47

THIS was an application to the Orphans' Court of Montgomery, for the final settlement of the estate of John S. Sankey, deceased. It appears that in January 1843, at the instance of the distributees and legatees, the executors were cited to appear and make distribution of the estate, according to the provisions of the will of said decedent. In October 1843, a final decree was rendered by the Orphans' Court, which, however, was reversed by the Supreme Court and the cause remanded. Another decree was rendered in July 1844, which was likewise reversed, and on the first of November 1845, another decree was rendered, by which a specified sum of money was adjudged and decreed to each distributee and legatee. This decree is in the following form: "It is, therefore, considered, adjudged and decreed that Ann Sankey, by her guardian, James B. Stevens, recover from James C. Sankey, the sum of fifteen hundred and ninety-six dollars and forty-three cents, being the balance of the distributive share of said Ann Sankey in the estate of the said John S. Sankey, deceased, over and above the amount ordered to be retained by the said James B. Stevens. It is further considered, adjudged and decreed that John Elsberry, administrator of Patience Elsberry, deceased, recover from James C. Sankey the sum of twenty-seven hundred and forty-four dollars and forty-seven cents, being the distributive share of the said Patience in the estate of the said James S. Sankey." At the same time a decree was rendered "that James B. Stevens, guardian of Ann Sankey, retain in his hands the sum of eleven hundred and forty-eight dollars and twenty-two cents, being the amount ascertained to be in his hands," &c., as executor. These last decrees, so far as appears from the record, remain in full force and from them no writ of error has been taken. But the executors not being discharged, in the year 1847, James B. Stevens, one of the executors, filed his accounts, for the purpose of a final settlement. Upon this application, the cause was continued from time to time. On the 22d of February 1849, the executors filed their accounts and the distributees their exceptions to them, and the cause was continued. On the 8th of March 1849, the court went into the examination of the accounts of James B. Stevens and ascertained that there was nothing in his hands, and rendered a decree accordingly, and further ascertained from the examination of the accounts of James C. Sankey, that he had in his

hands a balance of twenty-nine hundred and eighty-seven dollars and five cents, and thereupon decreed that Ann Sankey, and Elsberry, the administrator of Patience Elsberry, deceased, each recover of said James Sankey the sum of fourteen hundred and ninety-three dollars and fifty-two cents. In the progress of the trial, Ann Sankey moved the court to re-consider all the accounts connected with the administration of the estate from the 2d of February 1843, and proposed to show errors in the accounts filed previous to the decree rendered in 1845, but the court refused to re-examine the accounts filed previous to the first of November 1845, for the reason that they had been finally settled by the decree rendered on that day. The plaintiff in error, Ann Sankey, excepted to this ruling of the court, and assigns it here as error.

BELSER & HARRIS, for the plaintiffs in error.

MAYS, for the defendants.

DARGAN, C. J.—We think the court correctly refused to re-examine the accounts of the executors that had been filed for settlement, previous to the decree rendered on the first of November 1845. These accounts had been adjudicated and settled by that decree, and until it is reversed, it is conclusive of their correctness. It is true, that if this decree was not final, but could be considered in the nature of an annual settlement made by the executors in the Orphans' Court, then the accounts upon which it is based could be impeached, and the decree would only be *prima facie* evidence of their correctness.—Willis v. Willis, 16 Ala. 652, and also the same case reported in 9 Ala. 330. But this is not the nature of this decree. The executors were cited to make a distribution and settlement of the estate; they appeared and filed their accounts, which were objected to, and after a long litigation, a definite sum was ascertained to be in their hands, and the respective share of each distributee was ascertained, and a final judgment of recovery rendered in favor of each. If this decree, so far as it ascertains the rights of the parties, is not to be considered final, we cannot conceive how any could be. The executors, it is true, were not discharged, and other assets coming into their hands subsequently, another settlement became necessary; but this cannot alter

the character of the decree rendered in 1845. That was a final and complete adjudication of the accounts of the executors at that time, and so long as it remains in force, must preclude all inquiry into the correctness of such accounts.

It is not necessary to examine any of the assignments of error in the decree of the first of Nov. 1845. That decree is not before us by writ of error, and consequently cannot be reviewed. We can see no error in the decree of final settlement rendered in 1849, and it must therefore be affirmed.