## WATSON vs. HUTTO.

[MOTION TO QUASH EXECUTION AND ENTER SATISFACTION OF DECREE.]

1. *Conclusiveness of final decree of probate court.*—A decree of the probate court, rendered on the final settlement of an estate, ascertaining and adjudging to each distributee his share of the estate, is as final and conclusive as a decree in chancery or a judgment at law; and after the expiration of the term at which it is rendered, a motion to enter satisfaction, and to quash an execution issued on it, upon grounds which go only to matters behind the decree, cannot be granted, although such matters may be true in point of fact.

APPEAL from the Court of Probate of Henry.

33

THE record in this case shows these facts : On the final settlement of the estate of David Watson, by Solomon Hutto his administrator, on the 10th August, 1853, a decree was rendered in favor of Mrs. Elizabeth Watson, the widow of the intestate, for $514 15, as her distributive share of the estate ; but as this decree is nowhere set out in the record, its terms cannot be stated. On the 10th February, 1854, an execution was issued on this decree, against the said administrator, and was levied on a slave as his property. The defendant, in vacation, before the return term of the execution, moved the court to quash the execution, and to enter satisfaction of the decree, " on the ground that the same has been fully paid and satisfied, as per plaintiff's receipt." On the trial of this motion, the plaintiff therein offered in evidence, after proving its execution, a writing under seal, signed by Mrs. Elizabeth Watson, and dated January 17, 1852, which was in these words :—

" This is to certify, that I, Elizabeth Watson, wife of David Watson, sen., has this day received full and final compensation from Solomon Hutto, guardian of the said David Watson ; and further aver, that I will never ask, sue, plead or implead any asset from the said Watson's estate. And I do hereby relinquish all right and title to any claim that I may have against said estate, unto the said Hutto, &c.; and this is a full and final receipt from me forever, and shall be considered my own voluntary act and doing. Given under my hand and seal", &c.

It was proved that the consideration of this instrument was $350, which was paid at the time of its execution, part in money and part in notes. There was other evidence in relation to matters connected with this writing, but it is unnecessary to state them. On all the evidence adduced, which is set out in the bill of exceptions, " the court decided the contract binding, and sustained the motion to quash the execution." To this ruling of the court, with others, the defendant in the motion excepted, and it is here assigned for error.

JAMES L. PUGH, for the appellant.

NAT. HARRIS, contra.

RICE, J.—The decree of the probate court, on the final settlement of the estate, adjudging to the appellant her distributive share, is as conclusive as a decree in chancery, or a judgment of a circuit court. Where the defendant in such decree, *after the expiration of the term at which it was rendered*, makes a motion to enter satisfaction of it, and to quash the execution issued under it, upon grounds which go *only to matters behind the decree*, the motion cannot be granted, although such grounds may be true in point of fact.—Slatter v. Glover, 14 Ala. R. 648 ; Marshal v. Candler, 21 *ib.* 490 ; Burt v. Hughes, 11 *ib.* 571; Powell v. Washington, 15 *ib.* 803; Bondurant v. Thompson, 15 *ib.* 202.

We deem it unnecessary to decide any other question presented by the record, as what we have above decided will likely put an end to the motion. For the error of the court below in granting the motion, its decree is reversed, and the cause remanded.