Thompson v. Perryman, Adm'r.

THOMPSON vs. PERRYMAN, ADM'R.

[SCIRE FACIAS TO REVIVE A DECREE AGAINST AN ADMINISTRATOR, ON PAR-
TIAL SETTLEMENT AND DISTRIBUTION IN PROBATE COURT.]

1. *Partial settlement, decree of; when administrator can not deny.*—Where the record recites that an administrator appeared and filed his accounts for a partial settlement and distribution, and a time was appointed for the hearing, at which the accounts were audited and decrees rendered against him, he can not be permitted, in a collateral way, to deny that the proceedings were held on his application.

2. *Same; when final.*—An absolute decree, in favor of a distributee against the administrator, on a partial distribution of the estate, is a final decree which will support an execution, and may be revived, if dormant, on account of failure to issue execution.

3. *Same; when not satisfied by payment of Confederate currency.*—A decree of partial distribution in favor of an infant distributee, by his guardian *ad litem*, rendered in 1860, is not satisfied in whole or in part by a payment of Confederate currency, in 1863, to the successor in the administration.

APPEAL from Probate Court of Butler.
Tried before Hon. H. W. WATSON.

THE facts are sufficiently stated in the opinion.

HERBERT & BUELL, for appellant.
WATTS & TROY, *contra*. ·

B. F. SAFFOLD, J.—On the 1st of February, 1860, the appellee, as the administrator of James Thompson, deceased, filed his accounts for a partial settlement and distribution of the estate. On the 19th of March following, to which time the cause was adjourned, a decree of distribution was rendered against him, in favor of the appellant by his guardian *ad litem*, for four hundred and fifty-four dollars and fifty-four cents, less eighteen dollars and twenty-nine cents, with which it was credited. On the 28th of October, 1861, Perryman made his final settlement, at which no action was taken concerning this decree; at least none appears from the transcript to have been taken. In 1864, J. Routon, who had become the administrator of the estate, and who testifies that in 1863 he received fourteen hundred and nine dollars and ninety-four cents in Confederate currency from Perryman, as a partial payment on a decree rendered in his favor as administrator *de bonis non*, handed to the appellant, who was still a minor, two hundred and twenty-five dollars in Confederate currency, which he intended as an advancement of so much of his distributive share. The minor had no guardian.

In January, 1870, the appellant, then of lawful age, applied to the probate court to have the decree rendered in 1860 in his favor revived. The court revived it as of the 20th of January, 1863, for sixty-five dollars and eighteen cents, because of the payment made by Perryman to Routon at that time, the proportion of which, applicable to the decree, would reduce it to that amount. From this action, the said distributee appeals.

A decree of the probate court, on which an execution was not sued out within one year from its rendition, may be revived by *scire facias* to the defendant.—Revised Code, § 2830. A partial or complete distribution of an estate may take place at any time, on the application of the administrator; but when it is done before a final settlement, the

proceedings are not a defense in any action brought against the administrator as such.—Rev. Code, § 2097. When it is shown in the record that the administrator appeared and filed his accounts and vouchers for a partial settlement and distribution; and a time was appointed for the hearing, at which the accounts were audited and decrees rendered against him, he can not be permitted, in a collateral way, to deny that the proceedings were had on his application.

When an infant distributee has no guardian, a decree may be rendered in his favor by his guardian *ad litem*. In such case, the money, when collected, may and ought to be paid into court, to be received by the guardian, when appointed.—*Morgan's Administrators v. Morgan's Distributee*, 35 Ala. 303.

Where a final decree is rendered against an administrator, in favor of a distributee on partial distribution, it is a complete administration of so much of the estate. If, under such circumstances, the administrator, in 1863, paid the amount of a decree rendered against him in 1860, or a proportion of it, to his successor, in Confederate currency, is no satisfaction of the decree in whole or in part.

The decree is reversed, and the cause remanded.