# Moody, Adm'r, *v.* Hemphill.

*Final Settlement of Decedent's Estate in Probate Court.*

1. *Hemphill v. Moody, 62 Ala. 510, re-affirmed.*—The decision of this court on former appeal, as to the construction of the testator's will in this case, is re-affirmed.

2. *When administrator chargeable with interest.*—The payment by an administrator, with the will annexed, of a legacy which was barred by the lapse of time, is a misappropriation by him of the funds belonging to the estate; and he is chargeable with interest thereon from the date of the misappropriation.

3. *When administrator not entitled to credit for taxes.*—The administrator, in such case, is not entitled to a credit for State and county taxes assessed against the funds thus misappropriated, and paid by him.

4. *When administrator entitled to a credit for costs of appeal in this court.*—Where an administrator, with the will annexed, on final settlement in the probate court, was allowed credit for a legacy which he paid, but on appeal this court held that the legacy was barred by the lapse of time, and that, therefore, the credit was improperly allowed, he is entitled to credit for the costs of the appeal paid by him, on settlement had after the cause had been remanded, he having acted in good faith in making the payment, and in the consequent litigation, and there being reasonable ground for controversy.

5. *When administrator not entitled to costs of suit instituted by him.* But where the administrator, after the decision of this court on the appeal, filed a bill in the chancery court, to enjoin the distributees from contesting further his claim to a credit for the amount paid by him on such legacy, and, on appeal to this court in that case, his bill was dismissed, he is not entitled, on final settlement, to a credit for the costs in the chancery court, or the costs of the appeal.

6. *Administrator entitled to credit for attorney's fee on final settlement.* An administrator is entitled to a credit for a reasonable fee paid his counsel for services rendered him on final settlement.

7. *When administrator not entitled to credit for taxes paid on land.*—An administrator is not entitled to a credit, on final settlement, for taxes paid by him on lands belonging to the estate, in the absence of evidence showing that the personal assets should be charged with the payment of such taxes, or that it was the duty of the administrator, in his representative capacity, to pay them.

APPEAL from Tuscaloosa Probate Court.

Tried before Hon. N. H. BROWNE.

In the matter of the final settlement of the accounts of Frank S. Moody, as administrator *de bonis non*, with the will annexed, of Edward Sims, deceased.

This cause was before this court at a former term, and is re-

[Moody, Adm'r, v. Hemphill.]

ported.—*Hemphill v. Moody, Adm'r;* 62 Ala. 510. On settlement had after the remandment of the cause, the administrator again claimed a credit of $2000, which he had paid to the personal representative of one Aaron Ready, in satisfaction of a legacy left to Ready by the testator's will. The provisions of the will and the facts disclosed on the first settlement are stated in the report of the case on the former appeal, and need not be here repeated. On the settlement from which this appeal was taken, the administrator offered substantially the same evidence as was offered on the first settlement, and also additional evidence tending to show the character and quality of the lands devised to Mrs. Sims; that the income derived therefrom was insufficient to pay the expenses of the testator's family during his life, or of the widow's household after his death; that the testator was engaged, during his life, in mercantile and other pursuits, and that farming on said places was carried on by him on a small scale, as incident to his other avocations, and not for the purpose of making money; and that he owned but few negroes. The purpose of this evidence seems to have been to meet an argument employed in the opinion on the former appeal. The court, on objection made by Mary J. Hemphill, one of the appellees, refused to allow the offered evidence to be introduced, and refused to allow the said credit; and to these rulings he duly excepted. The Probate Court also refused to allow the administrator a credit for $72.78, paid by him on certain State and county taxes, indicated in the opinion; and charged him with interest on the $2000 paid by him to the personal representative of Aaron Ready, from 26th April, 1877, the day on which the first settlement was had, although he had filed an affidavit denying that he had used any of the funds of said estate for his own benefit; and to these rulings he separately excepted.

On the settlement the appellee, Mary J. Hemphill, also reserved a bill of exceptions. The Probate Court, against her objection, allowed the administrator a credit for costs of the former appeal in this case; also the costs in a suit in chancery instituted by the administrator, after the decision of this court on the former appeal, against the said Mary J. Hemphill and the other distributees of said estate, for the purpose of enjoining them from proceeding further to collect the $2000 paid on the Ready legacy, or to have the same distributed; also the costs of the appeal to this court from the decree of the chancellor in that cause; also for fees paid his solicitors for the prosecution of said suit in both courts; also "for taxes paid by said Moody, as the administrator of said estate, on lands lying in Tuscaloosa county, Ala., for the years 1880 and 1881 respectively, which he claims to still hold as administrator of the es-

tate of the said· Edward Sims, and which, he claims, are yet unsold; and also for a fee paid his attorneys for services rendered on the last settlement in the Probate Court. To each of these rulings said appellee duly excepted. It was shown that the bill filed by the administrator in the Chancery Court was, on appeal to this court, dismissed. The reasonableness of the attorney's fees allowed him as a credit was not controverted. The record fails to show any grounds for charging the taxes on the lands against the personal assets, or any acts of administration in reference to said lands.

The Probate Court, *inter alia*, decreed distribution directly to the next of kin of Priscilla Bibb, deceased, who was a distributee of said testator. This appeal was sued out by the administrator; and the rulings of the Probate Court, above noted, to which he reserved exceptions, and also the decree in favor of the next of kin of the said Priscilla Bibb, he here assigns as error. The appellee, Mary J. Hemphill, under the rule, also assigns errors, the assignments of error by her embracing the adverse rulings of the Probate Court to which she excepted, as above noted.

J. M. MARTIN, for appellant.

A. C. HARGROVE, *contra*.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—When this cause was heretofore before us, we decided that the legacy to Aaron Ready was due and payable at the expiration of eighteen months from the probate of the will of Edward Sims; and that more than twenty years having elapsed thereafter, all lawful claim to it was barred, when it was paid by the appellant. From that decision we are not inclined to depart; nor are we of opinion, the evidence proposed to be introduced on the last hearing before the Court of Probate, if admissible, could vary it.—*Hemphill v. Moody*, 62 Ala. 510.

An administrator, not unreasonably delaying settlement and distribution, and denying on oath the use of the funds of the estate, is not chargeable with interest. But if he has used the funds, whether for his own profit or purposes or not—if he has misappropriated or misapplied them, he is chargeable with interest from the time of the misappropriation. The payment of the legacy to Aaron Ready, after it was barred by the lapse of time, was a misappropriation of the funds of the estate. They were no longer in the custody and under the dominion of the administrator, and taxes upon them could not have accrued

with which he was chargeable, or which he could be compelled to pay. We are of the opinion, the Court of Probate did not err in charging the appellant with interest on the money paid to the personal representative of Aaron Ready, and in rejecting the credit claimed for taxes thereon.

The general rule is, that an administrator entering into an unsuccessful contest with legatees or distributees, must pay costs; and is without a right or equity to re-imbursement from the assets in his hands to be administered.—*Jones v. Deyer*, 16 Ala. 221; *Henderson v. Renfro*, 31 Ala. 101. The statute regulating the settlement of administrations in the court of probate charges the executor or administrator with the costs of the contest of any item of his account, if the item is disallowed or reduced.—Code of 1876, § 2521. The credit for the payment of the legacy to Aaron Ready was allowed the administrator on the final settlement had in the Court of Probate. The decree of the court was reversed on appeal to this court, and the credit was disallowed. The good faith of the administrator in making the payment, and in the consequent litigation, can not be doubted. There was reasonable ground of controversy; and it would be a rigid and harsh construction of the statute, which would force him into the payment of the costs of the appeal, a new and independent suit against him by the dissatisfied distributees. The costs of the appeal paid by him the Court of Probate properly allowed as a credit.

Upon the principles laid down in *Pickens v. Pickens*, 35 Ala. 442, and in *Smyley v. Reese*, 53 Ala. 89, the fee paid counsel, its reasonableness not being controverted, for services rendered on the last final settlement in the Court of Probate, was a proper charge against the estate. The costs of the suit in chancery, and the costs on appeal from the decree rendered in that suit, ought not to have been allowed.—*Bendall v. Bendall*, 24 Ala. 295; *Anderson v. Anderson*, 37 Ala. 683; *Teague v. Corbitt*, 57 Ala. 529.

There is no reason shown for charging the personal assets with taxes on the lands of the testator; and in the absence of some fact showing that the personal assets should be charged, and some fact shown rendering it the duty of the administrator, in his representative capacity, to pay them, the credits for these taxes should be disallowed. If the lands were devised, the estate in them had vested in the devisees, or if not devised, the estate had vested in the heirs, who were chargeable with the taxes upon them. If it had appeared the administrator had exercised the powers the statute gives him, for the sale or renting of lands, the necessities of the administration requiring an exercise of the power, and from them rents could not be obtained, a different question would be presented. But upon the

[Moses, Blum & Weil v. Dunham, Buckley & Co.]

facts now shown, there was no liability resting upon the administrator for the taxes; the liability rested on the devisees or the heirs.

The court also erred in decreeing distribution directly to the heirs or next of kin of Priscilla Bibb, deceased. On the death of a distributee, or of a legatee, the personal representative of such dstributee or legatee must be before the court of probate on the final settlement of the administration.—1 Brick. Dig. 972, §§ 826–27.

For the errors we have pointed out, the decree of the Court of Probate must be reversed and the cause remanded. The costs of the appeal must be paid, one half by the appellant Moody, to be re-imbursed to him from the assets in his hands for administration, and one half must be paid by the appellees.