# Clark, Adm'r, *v.* Guard.

### Settlement of Insolvent Estate.

1. *Appeal by creditor from settlement of insolvent estate; supersedeas not required or authorized.*—A creditor of an insolvent estate, whose claim has been disallowed on final settlement in the probate court, is not required, or authorized, on appeal to this court, to supersede the decrees in favor of other creditors; but, under the statute (Code, 1876, § 2578), the administrator should, on motion, be allowed to retain and reserve "a ratable proportion" of the moneys in his hands for the payment of such claim.

2. *Same; when appealing creditor not barred on remandment of cause.* In such case, decrees rendered against the administrator in favor of creditors whose claims were allowed, distributing the entire fund in the hands of the administrator, and payment thereof by him pending the appeal, without moving for an order to allow him to retain funds in his hands to pay the claim of the appealing creditor in the event he is successful, will not bar such creditor from proving his claim, and obtaining a decree thereon against the administrator, on settlement made after a reversal of the decree rendered against him on the first settlement, and a remandment of the cause.

3. *Same; when appealing creditor not required to proceed against other creditors.*—The administrator, in such case, can not compel the appealing creditor to proceed against the creditors whose decrees were paid by the administrator, under the provisions of section 2585 of the Code of 1876.

4. *Final settlement of insolvent estate; when exception to creditor's claim insufficient.*—An exception by one creditor to the claim of another, on final settlement of an insolvent estate in the probate court, setting up the statute of limitations of three years, without averring that the contested claim is an open account, is insufficient.

5. *Same; allowance of costs and attorney's fees to administrator.* Under the facts of this case, it was held that reasonable attorney's fees and costs, both in the probate court, and in this court, on appeal by a creditor whose claim was contested and disallowed, on the settlement of an insolvent estate, should be allowed to the administrator, although, on the appeal, the decree of the probate court was reversed and the cause remanded.

6. *Same; when attorney's fees should not be allowed.*—Attorney's fees should not be allowed to an administrator on the final settlement of an insolvent estate, for filing a petition for allotment of dower to the widow, when, not being pressed, it failed, on the death of the widow, and if it had been pressed with reasonable diligence, dower could have been allotted in time to secure a lease of the premises for the next succeeding year.

7. *Same; when administrator chargeable with rents.*—But, in such case, he is chargeable with the rents, the loss of which resulted from the failure to have dower assigned.

[Clark, Adm'r, v. Guard.]

8.   *Same; when administrator not chargeable with interest.*—*Held,* under the facts of this case, that the administrator was not chargeable with interest as damages for delay in making final settlement and distribution.

APPEAL from Greene Probate Court.

Tried before Hon. W. C. OLIVER.

In the matter of the final settlement of Thomas C. Clark, as the administrator of the estate of Benjamin W. Hale, deceased.

The estate of the said Benjamin W. Hale, deceased, having been declared insolvent, a final settlement thereof by Thomas C. Clark, the administrator, was had in said court, on the 20th June, 1879, when claims of creditors were passed on, and decrees entered in favor of the creditors whose claims were allowed.   On that settlement a claim in favor of Andrew J. Guard, who claimed to be a creditor, was disallowed and rejected.   From that decree he appealed to this court; and on that appeal the decree of the probate court was reversed, and the cause remanded.—See *Guard v. Hale's Adm'r,* 64 Ala. 479.   After the cause was remanded, a settlement of the estate was again made, whereon bills of exceptions were signed and sealed in favor of both the said Guard and the said Clark; and both of them prosecuted appeals to this court from the decree rendered thereon; and errors are here separately assigned by them.

As shown by the bill of exceptions taken by the administrator, he "objected to going into any settlement of the estate, on the grounds that, on the former settlement of this estate in this probate court, distribution was made of all the assets to different creditors, and decrees rendered respectively in favor of said creditors; that said decrees were not superseded when an appeal was taken from said former settlement by said A. J. Guard, and that no order was made on the former settlement, allowing this administrator to retain in his hands A. J. Guard's proportionate share of the money in the administrator's hands, to await the decision of the contest of said claim; and that the administrator, prior to the reversal by the Supreme Court of the decree rendered on the former settlement, and on the demand of the respective creditors in whose favor the decrees were rendered, fully settled and paid to each of said creditors the amount decreed to them on said settlement."   And in support of his objection he offered to prove the facts on which it was based; but the court, holding that "under the decision of the Supreme Court in this cause, the decree of this court was null and void, and that it was the duty of the probate court to re-state said account, as if no settlement had been made," overruled the administrator's objection, and he excepted.   The administrator then objected "to the court passing on the items

of debit and credit contained in the account on former settlement, and which were allowed and passed on by the probate court on said former settlement, and not excepted to ;" but the court overruled the objection, and the administrator excepted. The said Guard also filed exceptions to several claims filed against said estate, and which had been allowed to creditors on former settlement; and his exceptions were sustained, the claims disallowed, and the administrator duly excepted. The facts touching these exceptions are sufficiently stated in the opinion. He also objected to the allowance of credit to the administrator for amount (shown to be reasonable) paid by the latter to his attorney for representing him on former settlement; and the objection was sustained, and the administrator excepted. The administrator moved to be allowed as credits (1) amount paid by him to his attorney for representing him on the former appeal taken by Guard ; (2) amount of costs of this court on that appeal ; and. (3) amount of costs of probate court for transcript on that appeal; all of which he had paid. On objection by Guard, the court refused to allow these several motions, and the administrator duly excepted.

From the bill of exceptions taken by the said Guard it appears, that the said decedent died in February, 1871, and that the administrator was appointed on 4th August, 1871 ; that in July, 1873, the administrator filed a petition to set apart dower to the decedent's widow, but the widow died in the spring of 1874, before his petition was acted on ; that the only lands of which the decedent died seized and possessed were lands on which he resided at the time of his death ; that in June, 1876, on a petition filed in March, 1876, these lands were allotted as a homestead to the decedent's minor child, and the estate was thereby rendered insolvent; and that Guard's claim, constituting more than one-third of the indebtedness of the estate, was not presented to the administrator, or filed against the estate, until December 14th, 1877. Guard objected to the allowance of a credit claimed by the administrator for an amount paid attorneys for services rendered on the petition to have dower assigned to the widow ; but his objection was overruled, the credit allowed as claimed, and he excepted. The said Guard also moved to charge the administrator with two-thirds of the value of the rent of said lands for the year 1873, and with the full value of the rent thereof for the year 1874. These motions were overruled, and said Guard duly excepted. It appears that the administrator charged himself with the rent of said land for the year 1875. It further appears from said bill of exceptions, that the year before the decedent's death, he and certain laborers made a crop of cotton of sixteen bales, " as tenants in common, the laborers being entitled to one-third ;

[Clark, Adm'r, v. Guard.]

that the cotton lay in the seed until the administrator was appointed, and he then made a contract with Mayes & McAlpine to haul the cotton to the gin. and to haul it to the depot, and agreed to pay, and did pay them the amount" of $48.75; and that the administrator sold the cotton, and afterwards settled with the laborers, and paid them their one-third of the proceeds, without reserving their part of the said sum of $48.75, paid out for hauling. On the settlement Guard objected to the allowance of one-third of said amount; but the court overruled his objection, and allowed said amount in ful·, and he excepted. It further appears that the proceeds of this cotton were collected by the administrator on 1st January, 1872; that from June to November, 1872, he paid out for said estate about $145; and that on 18th July, 1872, he loaned out about $350 of the moneys of said estate, and he charged himself with interest thereon until 1st March, 1875, which was the only interest charged against him on said settlement; and that the proceeds of said cotton, said interest, and rent of the lands for the year 1875, constituted the only items of debit with which he had charged himself in his account. The administrator filed the statutory affidavit, denying the use of the funds of the estate for his benefit or profit. The said Guard moved to charge the administrator with additional interest, on the ground that he unreasonably delayed the settlement of the estate. This motion the court overruled, and Guard excepted.

In this court, the said parties assign the adverse rulings noted above as error.

CLARK & McQUEEN and T. W. COLEMAN, for appellant Clark.

HEAD & BUTLER, contra.

STONE, J.—We can not agree with the administrator, that the final settlement of this estate in June, 1879, and the payment by him of the decrees therein rendered, are a bar to the later settlement, from which the present appeal is prosecuted. It was no part of Guard's duty to supersede the decrees in favor of other creditors, rendered on the first settlement. That was a matter which did not concern him, and to which he was not a party. We have no statutory provision authorizing a supersedeas by one creditor, whose claim has been disallowed, of decrees rendered in favor of other creditors, whose claims have been allowed. Section 2578 of the Code of 1876 provides for such a case. When, on final or partial settlement of an insolvent estate, litigation is still pending, and remains undecided, over a contested claim against the estate, distribution

[Clark, Adm'r, v. Guard.]

·or disbursement should not be made of the entire assets, until· the contention over such claim is finally settled. If the claim is disallowed in the court below, and an appeal is claimed, then the administrator should, on motion, be allowed to retain and reserve "in his own hands a ratable proportion of such moneys for such [claim or] claims as may be then contested and un- ·decided." A decree of disbursement should never be so made, as to compel the administrator to pay out money, which he is liable, under pending litigation, to pay again, .and to another. When such questions arise, the settlement is not properly a final ·one. It should be so far made partial, that there will be left in the hands of the administrator a sufficient fund to meet the liability, rendered contingent by the continuing litigation. Yet, in such case, the .probate court is not put in fault, unless the administrator move therefor.

It is contended for the administrator that Guard should not have had a decree against him, but should have been left to his ·suits against other creditors, who have been paid more than their several shares as shown by the re-distribution. Section ·2585 of the Code is relied on in support of this position. We ·do not ·so understand that section. Section 2568 of the Code provides that any claim against an insolvent estate, to be al-·lowed, must be filed within nine months after such declaration, or *after the same accrues.* Some claims do not, from their very nature, accrue until more than nine months after the dec-laration of insolvency. Security debts paid after that time are ·of this class. If such claims are presented after final settle-ment and distribution, there will have been left nothing in the hands of the administrator with which to pay them, and hence, no decree for payment can be rendered against him. Such ·creditors can have no recourse, save that provided by section 2585. We need not, and do not decide whether Guard can re-·sort to the remedy provided by section .2585. All we decide now is, that the administrator can not compel him to do so. This, for the reasons stated in the first paragraph of . this ·opinion. The first final decree—that of 1879—has been re-versed and annulled by this court, and it now stands for naught.—*Guard v. Hale*, 64 Ala. 479; *Shelton v. Carpenter*, ·60 Ala. 201, 212.

The creditor, Guard, filed exceptions to most of the claims, ·except his own. His exceptions ·were, "1—that the same is not a just claim against said estate; 2—the said claim is barred by the statute of limitations of three years." The judge of probate sustained the second of the exceptions, and disallowed ·several of the claims on that ground. In the state in which this record is presented, it was necessary for the administrator ·to make proof of the justness of the claims, which were in the

[Clark, Adm'r, v. Guard.]

shape of accounts. *Ex parte* affidavits were not sufficient, if objected to. But there is another reason why the probate court erred in disallowing these claims. The three years limitation is a bar only to open accounts, and a plea of the statute of limitations of three years is not good, unless it avers the claim is an open account.—Code of 1876, § 3229; 2 Brick. Dig. §§ 123 to 129. The exception fails to aver the claims were open accounts, and it is therefore insufficient. This exception should have been disallowed. We may add that it does not affirmatively appear that any of the claims were what the law terms open accounts, while some of them, if not all, bear evidence of not being open accounts.

Reasonable attorney's fees, and costs, both in the court below and in this court, should be allowed the administrator. This applies alike to the former and the present settlements.

The charge for filing the petition for the allotment of dower should not have been allowed. That petition was allowed to fail, because it was not pressed. If it had been prosecuted with reasonable diligence, dower could have been allotted in time to secure a lease of the premises for the next succeeding year. The failure to prosecute the petition left the service without profit to the estate.—*Mundin v. Bailey*, 70 Ala. 63. For the same reason, the administrator should have been charged with two-thirds of the rent for 1874, as the failure to realize it was the result of the failure to have dower allotted.

There does not appear any reason why the administrator should not be charged with one-third of the sum paid for hauling, ginning and packing the cotton. From any thing shown in the record, he could and should have retained that sum out of the third allotted to the laborers.

We find nothing in this record to require or justify any greater charge of interest against the administrator, than was adjudged by the probate court. The case is, in many respects, peculiar.

There must be a reversal on the assignments of error by each party. Let the costs of the transcript be divided between the two appellees.

Reversed and remanded.