# McDonald *v.* Carnes.

*Final Settlement of Administrator's Accounts.*

1. *Book entries as evidence.*—The original entries made in a person's books, whether by himself or by his clerk, in the ordinary course of business, contemporaneously with the transaction to which they relate, are generally admissible as evidence, in connection with the testimony of the person who made them, if living; or, if he is dead, insane, or indefinitely absent from the State, on proof of his handwriting. (*Moore v. Andrews & Bros.*, 5 Porter, 107, declared opposed to more recent decisions, and to the weight of authority.)

2. *Payment by administrator, with condition to refund if disallowed.* When an administrator claims a credit for an account paid, his right to the credit depends on the correctness of the account as a claim against the estate, and is not affected by an agreement on the part of the creditor to refund the amount paid if the credit should be disallowed.

3. *Proof of credits; affidavits.*—On final settlement of an administrator's accounts, items claimed by him as credits may be proved by the affidavit of any competent witness, unless contested; but, if objected to, *ex-parte* affidavits are not sufficient.

4. *Same; burden and sufficiency of proof.*—When any item claimed as a credit is contested, the *onus* is on the administrator to prove it by the same degree of evidence which the creditor himself, if forced to an action for its recovery, would be required to produce.

5. *Objections to vouchers claimed.*—The better pract'ce is to file written objections to all contested vouchers, stated with sufficient certainty to raise a specific issue of law or fact.

6. *Claim barred by statute of limitations of three years.*—When the objection filed to an item or account, claimed as a credit, is that it is barred by the statute of limitations of three years, it should allege or show that the claim is an open account.

7. *Claims barred by statute of limitations.*—An administrator may pay a claim barred by the statute of limitations, when he has sufficient personal assets in his hands, but not when a resort to the real estate is necessary; and when it appears that the personal assets exceed all the debts claimed to have been barred, no question arises on the statute of limitations.

8. *Creditor's receipt as voucher.*—A creditor's receipt for money paid to him by the administrator, is not self-proving; if the voucher is contested, the signature to the receipt must be proved, or the fact of payment must be otherwise shown.

APPEAL from the Probate Court of Marshall.

Heard before the Hon. THOS. A. STREET.

In the matter of the estate of Montgomery P. Carnes, deceased, on final settlement of the accounts and vouchers of Andrew J. McDonald as administrator. The intestate died about the 1st October, 1884; letters of administration to McDonald, who was the general administrator of the county, were granted on the 1st December, 1884; and the settlement of his accounts was had on the 12th August, 1889, showing a balance of $808.49. On objections filed by the distributees, the court disallowed several items claimed as credits by the administrator; and these rulings, 17 in number, to which he accepted, are now assigned as error.

LUSK & BELL, for appellant.

O. D. STREET, contra.

SOMERVILLE, J.—1. The original entries made by a person in his own books, or made by his clerk, when apparently done in the ordinary course of business, and contemporaneously with the transaction to which such entries relate, are generally admissible in evidence to prove the correctness of all items within the knowledge of the person making them. Such entries are required to be corroborated by the testimony of the party who made them, if he is living, inasmuch as they are not self-proving. But, if he be dead, or insane, or indefinitely absent from the State, proof of his hand-writing will be sufficient.—*Dismukes v. Tolson*, 67 Ala. 386; *Union Bank v. Knapp*, 15 Amer. Dec. 181; note, 191–194; *Elliott v. Dycke*, 78 Ala. 150; *Davis v. Tarver*, 65 Ala. 98; *Setchel v. Keigwin*, 57 Conn. 473; 1 Greenl. Ev. §§ 118–120. The case of *Moore v. Andrews*, 5 Port. 106, decided in 1837, holding the contrary view, is opposed to the weight of authority, and to our more recent decisions.

The evidence introduced by appellant was sufficient, under this rule, *prima facie* to authorize the admission in evidence of entries on the shop-books of Jordan, Manning & Co., and of Wallace Henry, deceased. In each case, the hand-writing of the person making the entry was satisfactorily proved; and this was supplemented with the further proof, either of the death of such party, or his indefinite absence from the State.

[McDonald v. Carnes.]

The items covered by the first nine assignments of error were erroneously excluded, so far as we can discover from the record.

2. The Probate Court also erred in admitting in evidence the alleged agreement between R. N. Bell, Esq. and the executor of Henry, that the latter would refund the money paid him on the account claimed to be due from the estate of Carnes to said Henry's estate, in the event the court should disallow the credit on the present settlement. There was nothing in this precautionary agreement, which could have any bearing on the correctness of the account as a proper claim against the estate. If it was just and correct, and no valid objection existed, it was a proper credit for the administrator, upon proof of its payment; otherwise not. These were the only issues for the Probate Court to decide. Henry's executor, Rives, was not introduced or offered as a witness; and conceding, therefore, that this agreement showed him to be interested, this was immaterial.

The record contains no statement from which we can discern the nature of the objections raised to the other contested items of the account, except in a most general way. If we were to attempt to rule on them in detail, we might do injustice to the parties. The following principles will probably be sufficient for the purposes of another trial:

3. The various items on the credit side of the administrator's account may be proved by the *affidavit* of any competent witness, as well as by other satisfactory evidence, when not contested.—Code, 1886, § 2141. But *ex-parte* affidavits are not sufficient, if objected to, and better evidence is required. *Clark v. Guard*, 73 Ala. 456, 457.

4. Upon a contest of any item of the account, the burden of proof is cast on the administrator to prove it by the same degree of evidence which the creditor himself would be required to produce, if he had been forced to an action for its recovery.—*Jenks v. Terrell*, 73 Ala. 238.

5. The better practice is to file written objections to all contested vouchers, stated with sufficient certainty to raise a specific issue of law or fact.

6. Where objection is taken, that the item of account is barred by the statute of limitations of three years, it should also show that the claim in question is an open account. *Clark v. Guard*, 73 Ala. 456.

7. An administrator is not bound to plead the statute of limitations, when he has personal assets in hand sufficient to pay such claims as may have been barred by lapse of time. But a different rule prevails, where a resort to realty, or to

[Lockwood v. Fitts.]

money arising from the sale of realty, is necessary in order to pay claims of this character. An objection is good, therefore, that an administrator has used money arising from the sale of land to pay a debt or other demand barred by the statute of limitations.—*Pollard v. Scears*, 28 Ala. 484; *Teague v. Corbitt*, 57 Ala. 529. But the money arising from the sales of personalty in this case appears from the record to have amounted to $1,035.01. If, therefore, the debts claimed to have been barred did not reach over this amount, and it does not affirmatively appear that any of them were paid with real assets, the issue of the statute of limitations would be immaterial.

8.   Where a receipt for money paid is presented by the administrator as a voucher, it is not self-proving, but, if contested, the signature to the receipt must be proved, or else the fact of payment must be shown by other evidence than a receipt. *Wright v. Wright*, 64 Ala. 88; *Gaunt v. Tucker*, 18 Ala. 27.

The judgment is reversed, and the cause remanded.