(82 South. 446)

SCHULHOEFER v. FULTON.    (6 Div. 898.)

(Supreme Court of Alabama.    June 19, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⬡⟹418— INSOLVENT ESTATE—DISTRIBUTION PENDING APPEAL FROM DISALLOWANCE OF CLAIM.

An administrator, who, pending a successful appeal from an order expunging a claim reports the claim as expunged and permits a decree under which he distributes funds of an insolvent estate to other creditors is liable to claimant for a ratable proportion of the funds, though claimant failed to supersede the decree ordering distribution.

2. EXECUTORS AND ADMINISTRATORS ⬡⟹419— WRONGFUL DISTRIBUTION OF FUNDS OF INSOLVENT ESTATE—CLAIMANT'S RIGHT TO INTEREST.

An administrator's distribution of all funds of an insolvent estate pending a creditor's successful appeal from a disallowance of claim, is a misapplication of funds for which he is chargeable with interest on the claim.

3. EXECUTORS AND ADMINISTRATORS ⬡⟹510(4) —APPEAL — RECORD — EXCEPTION TO ALLOWANCE TO ADMINISTRATOR.

Complaint of the failure of the register to allow the administrator a sufficient amount for the expenses of administration of the estate cannot be considered an appeal upon an abridged record containing no exception to the register's report by the administrator which would support such insistence.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Contest by L. A. Fulton of a statement by L. Schulhoefer, of his acts and doings as administrator de bonis non of the estate of H. W. Eggler, deceased. A reference was ordered, exceptions to the report were filed by contestant and the administrator, which were overruled, and the report of the register confirmed, credits allowed, and decree rendered against the administrator, from which he appeals. Affirmed.

Appellant, as administrator de bonis non of the estate of W. H. Eggler, deceased, filed and submitted to the court a list of his acts and doings as such administrator from July 21, 1917, to July 21, 1918, which accounts disclosed that the claim of appellee, L. A. Fulton, against said estate had not been paid. It further disclosed that the cash on hand amounted to $362.

Appellee filed a contest of said statement, and set up, among other grounds, that she had received no payment on her claim; that on May 14, 1914, she recovered judgment in the circuit court of Jefferson county against said administrator in the sum of $5,804, together with costs of suit, which is still due and unpaid; that after said judgment was rendered the estate was declared insolvent by the probate court, and appellant appointed by said court as administrator; that no appeal was taken from said judgment in the circuit court, and a copy of the same was certified to the probate court for payment, and filed therein as provided by section 2796 of the Code. It is further alleged that prior to said judgment, appellant as administrator paid 30 cents on the dollar to all creditors of the estate except contestant, and that after said judgment was rendered he paid an additional 30 cents, on June 30, 1914, to all creditors except contestant, making a total of 60 per cent.; and that it was the duty of the administrator to have paid ratably all claims against said estate, including the claim of contestant. On September 8, 1914, appellant was appointed administrator of the insolvent estate of H. W. Eggler, deceased, and received at the time of his appointment $7,097.59, and other sums aggregating over $9,300. It is also alleged that the administrator is entitled to a credit of $560 as against contestant's claim, the purchase price of the property bid by her at sale, and contestant moved the court to require that she be paid her proportionate part of the assets of said estate distributed and to be distributed to the payment of creditors, and that she be allowed interest on her judgment. There was also contest of certain items. A reference was prayed to ascertain the amount in the hands of the administrator, the amount of claims entitled to participation, the amount due contestant, the amount which had been paid to creditors by administrator, and the amount, if any, creditors of decedent had re-

ceived in excess of their proportionate shares.

The reference was so ordered and held, and the register reported the amount of the claim of appellee as $5,500, which was reduced to judgment. The report showed the amount of money received by the administrator of the insolvent estate to be $8,301.11, that no creditors had received the full amount of his claim, but each had received 85 per cent. of the face of the claim, exclusive of L. A. Fulton, the appellee, and that had appellee's claim been included each would have received 65 per cent.; the said administrator having paid out $19,919.56 to general creditors, which was exclusive of the claim of L. A. Fulton. A list of the amount of claims paid is attached to the report, and the administrator is credited with $1,488.32 for expenses exclusive of court costs.

There were exceptions to the report by the contestant and by the administrator. These exceptions were overruled, and the report of the register confirmed. After allowing proper credit to the administrator on appellee's claim, the court ascertained the sum due appellee to be $3,602.56, allowing interest thereon from July 21, 1917, the date on which the last contest of appellee's claim was finally determined in her favor, and more than six months after the distribution to other creditors, and rendered a decree therefor against the administrator, from which he prosecutes this appeal.

R. J. McClure, of Birmingham, for appellant.

Wm. Vaughan and Smith & McCary, all of Birmingham, for appellee.

GARDNER, J. In Ouchita Nat. Bk. v. Fulton, 195 Ala. 34, 70 South. 722, it was held that, section 2796 of the Code of 1907 having been fully complied with, the judgment of L. A. Fulton (appellee here) became a fixed charge against the estate, and should be paid in the same proportion as other claims. The contest in the case of Ouchita Nat. Bk. v. Fulton was by a creditor. Subsequently Laura E. Eggler, claiming as distributee of the estate of H. W. Eggler, filed her bill against the said L. A. Fulton and the administrator of said estate, seeking to have the estate relieved of the payment of the judgment rendered in favor of said L. A. Fulton upon the ground that the note upon which the judgment was rendered in the circuit court was a forgery. Upon the trial of said cause it was decreed that complainant was entitled to relief, and the estate was relieved by the decree of the payment of said judgment and the claim of said L. A. Fulton eliminated as a charge against said estate. This decree was rendered December 4, 1916, and on December 15, 1916, the said L. A. Fulton prosecuted an appeal to this court, resulting in the holding that the judgment obtained against the estate had become a fixed and finally established charge which should be paid in its proportion out of the assets of the estate, and that the bill was without equity. The decree of the court below was reversed, and one here rendered dismissing the bill. Fulton v. Eggler, 76 South. 35.[1]

On January 5, 1917, pending the appeal of L. A. Fulton from the decree of the chancery court, a petition was filed by one of the creditors, praying the court to require a statement of account and a reference to the register to ascertain what funds belonging to the estate were in the hands of the administrator de bonis non and undistributed, and what dividends, if any, could be presently paid, and also for the ascertainment of reasonable solicitor's fees. In response to this petition the administrator was ordered to file his accounts, and a reference was ordered by the court to ascertain what funds the administrator had in his hands belonging to said estate which could safely be distributed to the creditors. On January 10, 1917, the register reported that the administrator had on hand the sum of $7,202.50 belonging to said estate. The report was ordered to remain over for one entire day, to which no exceptions were filed. On January 12, 1917, the court entered an order confirming said report, stating that it appears "from the statement of the administrator submitted herewith that a dividend of 25 per cent. may be distributed to the creditors of the estate without exhausting the funds; it is ordered that the administrator of the estate presently distribute to the creditors of the estate, as scheduled by him, a dividend of 25 per cent. upon their several claims." A list of creditors was filed by the administrator in the cause, but the claim of L. A. Fulton was placed in a separate column under the heading, "Expunged by Order of Court." Under said decree the administrator paid out the funds in his hands to all the creditors of said estate, with the exception of appellee, leaving only the sum of $362.09.

It is insisted by the administrator that he should not be decreed to pay the appellee's claim for the reason that he is protected by the decree of the court ordering distribution of 25 per cent. citing in support thereof, among other authorities, Shelton v. Carpenter, 60 Ala. 201; Thompson v. Perryman, 45 Ala. 619; Sankey's Distributees v. Sankey's Ex'rs, 18 Ala. 713; Cowan v. Jones, 27 Ala. 317; Watson v. Hutto, 27 Ala. 513; Tankersly v. Pettis, 71 Ala. 179, and authorities cited in the note to Re Killan's Estate, 63 L. R. A. 95. These authorities have been consulted and considered, but we are of the opinion that they are without application to the case here presented. A review of them will not be here attempted, as we consider it unnecessary, and an examination thereof will disclose that they are not at all in

[1] 200 Ala. 269.

conflict with the conclusion we have here reached.

[1] The appellee cites in support of the ruling of the court below the case of Clark, Adm'r v. Guard, 73 Ala. 456, and we are persuaded that the principles there announced are directly applicable here and decisive of this appeal. That case decides—applying the holding to the instant case—that it was no part of L. A. Fulton's duty to supersede the decree rendered in favor of the other creditors ordering a distribution; that being a matter which did not concern her. Nor did it materially affect the case that she had notice of the reference ordered. Her claim had been disallowed, and she had been eliminated as a creditor of the estate, from which decree she promptly prosecuted her appeal, and there existed no statutory or other duty resting upon her to supersede such a decree. That case also points out that section 2789 of the Code of 1907 provides for just such a situation; that the administrator should on motion have been allowed to retain in his hands a ratable proportion of such moneys for such claims as may then be contested and undecided, and that the probate court, if such an order is not entered, is not to be put in fault unless the administrator move therefor. Here no such motion was made by the administrator; and, so far as this record discloses, the situation as to this claim was not brought to the attention of the court by the administrator or otherwise at the time the order for distribution was made. It was also held that such a creditor cannot be compelled by the administrator to pursue the remedy provided by section 2785 of the Code of 1907.

In the instant case the administrator had full knowledge of the appellee's claim which had been reduced to judgment, and which had been the subject of much litigation. He reports it as a "claim expunged by order of court," and yet had full knowledge and notice that from such decree the appellee had prosecuted an appeal for review, and that said appeal was pending at the time of the order of distribution, and when the funds were actually distributed among the other creditors; appellee's claim being totally ignored, and no steps being taken by the administrator to protect himself against the contingency of a successful termination of appellee's appeal. However, we need not further discuss the case, as we are persuaded that the authority of Clark, Adm'r, v. Guard, supra, amply supports the holding of the court below in the decree rendered.

[2] Appellant insists that the court erred in allowing any interest on appellee's judgment claim. The appellant misapplied the funds in his hands in making the distribution to the other creditors, excluding appellee from participation therein. That the claim is entitled to interest is, under the facts as

here disclosed, we think, quite clear. Moody v. Hemphill, 71 Ala. 169.

[3] In paragraph 4 of appellant's brief he seems to complain that the register did not allow sufficient amount as expenses for the administration of the estate in his report. The register reported $1,488.32, and this portion of the brief insists that the expenses amounted to $1,655.79, exclusive of commissions.

This appeal is had upon an abridged record, but we are unable to find any exception to the register's report by the administrator which would support such insistence. The first exception relates to that part of the report which is to the effect that the appellee is entitled to participate in the distribution of the assets of the estate, and the second exception to the effect that the item of expense of $1,488.32 does not appear to include commissions allowed, which latter question does not seem to be insisted on in argument here. The questions we have briefly discussed, therefore, are the only ones we are called upon to review.

No error appearing, the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.