GAYLE VS RANDLE.

*As to pleas in short.*

1. Pleas, filed in a case, in short, by consent, must be such as contain substance—*form* only, being waived by such mode of pleading.

2. A plea in debt in an action, against a co-obligor of a bond, (though in short by consent,) that the holder was requested to sue the principal in time—should state that the debt was lost by the failure, and that the notice was in writing.

This was an action of debt, by Randle against Gayle, in Dallas County Court, upon a note under seal, signed by Stephen Miller, Matt. Gayle, and James Goodwin. The pleas were entered as follow—

" The defendant pleads—*first*, payment. *Secondly*, that he was only security, and requested suit brought against Miller, principal, whe has since become insolvent, and absconded. Taken in short."

To the second plea there was a demurrer, which was sustained, and judgment given for the plaintiff; from which he took a writ of error.

*Clark*, for plaintiff in error.
*Philips & Edwards*, contra.

PER CURIAM.—The judgments in this cases must be affirmed. The demurrer to the second plea was properly sustained.

When special pleas are agreed to be taken in

short, by consent of counsel, it can only be under-stood by the Court, that matters of form are waived,—they must contain substance, or that which, if ad-mitted, will make out a case for the party pleading.

By reference to the case in 1 *Stewart*, 11, relied on by the plaintiff in error, it will be seen, that the plea does not state facts sufficient, under that deci-sion, to make out a defence. It does not state, that the means of recovering the debt, have been lost by the negligence of the plaintiff; neither does it state that the notice was in writing.