# POLLARD v. STANTON.

1. When a plea is taken in short, by consent, it must contain *substance—form* only is waived.
2. Notwithstanding a joint obligor of a bond, or maker of a promissory note may appear on its face as a principal, he may prove, by parol, he was a security; such having been understood as the relation of the parties between themselves.
3. A plea that plaintiff and defendant were partners in the transaction, though a note may have been given by them as principal and security, would be a good defence against an action brought by the latter, against the former, to recover the amount paid by him in the discharge of such note, or evidence of the partnership may be given, under the plea of *non-assumpsit*.

Error to the Circuit Court of Montgomery.

This was an action of *assumpsit*, brought by the plaintiff against the defendant in error and one Charles Labuzan, in the circuit court of Montgomery county. The declaration was in the usual form, for work and labor done; goods, wares and merchandize sold and delivered; for money laid out and expended; and for money paid and advanced, to the amount of thirty-five thousand dollars. In the mean time, Labuzan died, and the action abated as to him.

The defendant, Stanton, relied for his defence on the pleas of 1. *Non-assumpsit.* 2. Payment. 3. Set-off, and 4. Partnership between the plaintiff and defendants *in short,* To the 4th plea, there was a demurrer, which was overruled by the court—and issue on all the pleas.

On the trial, a bill of exceptions was taken, which sets forth that the plaintiff offered in evidence, four notes; one for $5,123 12-100; one for $4,778 39-100; one for $2,955 80-100; and one for $12,180 62-100, all bearing date on the 10th February, 1838, payable at different periods, reciting in the body of each note, "we, Charles Labuzan and Benjamin Stanton, jun'r as principals, Charles Barney & Co. and Charles T. Pollard, as securities, jointly and severally promise to pay to the order of Wm. J. Ingersoll, Esq. cashier of the Bank of Mobile, or his successor in office, [the sums for which they were respectively drawn] for value received negotiable and payable at the Bank of Mobile, and signed, CHARLES LABUZAN,

BENJ. STANTON, JR.

CHARLES BARNEY, & CO.

CHALES T. POLLARD."

The plaintiff proved that the said several notes were executed by the parties whose names are signed thereto, and that they were paid by the plaintiff to the holders, the Bank of Mobile, and the Planters' and Merchants' Bank of Mobile.

The defendant then offered to prove, that before bringing this suit, the plaintiff and defendants were partners; that the demands, for which said notes were given were partnership debts, as between the plaintiff and defendants; to which evidence the plaintiff objected, but the objection was overruled by the court, and the evidence permitted to go to the jury; and to that opinion the plaintiff excepted.

The cause was then submitted to a jury—a verdict rendered

for the defendant, and judgment given thereon by the court. To reverse that judgment, the plaintiff prosecuted his writ of error to this court, and now assigns the following errors:

1. That the court erred in overruling the demurrer to the 4th plea.

2. That that court erred in overruling the objection to the testimony, and permitting the evidence to go to the jury.

G. GOLDTHWAITE, for plaintiff in error.

BELSER, *contra.*

CLAY, J.—The first question which seems to be presented by the record, is whether the circuit court erred in overruling the demurrer to the 4th plea? That plea was put down in short, by consent, we presume, and is in these words: " Partnership between plaintiff and defendants." To this plea there was a demurrer, in short, which was overruled by the court, and we think incorrectly. It is a great convenience to the bar, to save the unnecessary and unprofitable labor of writing out many of the ordinary pleas, the substance and legal effect of which are as well understood by their respective names, as if they were formally written. Such is the case, in regard to the general issue in almost every form of action, and the usual pleas in bar. An agreement, however, to take a plea in short, must be understood as a mere waiver of *form* and not of *substance;* it must convey some precise and definite idea of the matter of defence, and must be sufficient in substance. The allegation in this plea was simply, "partnership between plaintiff and defendants," not stating *when* the partnership existed, commenced or determined; nor whether it was in relation to the subject matter of the contract, or transaction on which the suit was brought, or of what particular character.

In the case of Gayle v. Randle, [4 Porter 232,] the defendant in the court below, pleaded " in short, that he was only security, and requested suit brought vs. Miller principal, who has since become insolvent, and absconded." To this plea, there was a demurrer sustained, and on the case being brought here, the judgment of the court below was affirmed, the court remarking, that " when special pleas are agreed to be taken in short, by consent

of counsel, it can only be understood by the court that matters of form are waived—they must contain substance, &c."

The bill of exceptions shews, that in the further progress of the trial, the defendant offered to prove, that before the institution of this suit, the plaintiff and defendant were partners, and that the demands for which the several notes referred to, were given, were partnership debts, as between the plaintiff and defendant. This evidence being objected to by the plaintiff, and admitted by the court, notwithstanding the objection, presents the next question for consideration. It is insisted by the counsel for the plaintiff, that the defendant is estopped to prove this, because it would contradict the face of the notes, which recite, that the defendant and Labuzan were principals, and the plaintiff and another securities therein.

The question presented by this objection is very different, as between the joint and several makers of these notes, from that which would exist between the makers and the payee; or, if these were bonds, and the question raised between the obligors and obligee. The latter, was the state of facts in the case in 10 Peters, 257, of Samuel Sprigg, plaintiff in error v. The Bank of Mount Pleasant. There, the action was on a bond, given by Sprigg and others, to the Bank, reciting that the obligors were bound " as principals." The pleas alleged that the said Sprigg and others were only securities for Peter Yarnall & Co., and that they were discharged from the obligation, in consequence of indulgence, or forbearance, expressly extended by the Bank to the principal, beyond the day fixed for payment. The case cited differed from the case at bar in several particulars. 1st. The case of Sprigg was on a *bond*, where the doctrine of estoppel more properly applies. 2d. The case in which the question arose, was between the *obligor* and *obligee;* and 3d, the bond had not been paid, and all right of action upon it extinguished. In the case under consideration, the notes had been fully paid and discharged; all right of action upon them had been fully extinguished, and they had ceased to be of any obligatory force, whatever.

In the case of the Grafton Bank v. Thomas Kent, reported in [4 New Hampshire, 221,] the action was brought on a joint and several promissory note, given to the Bank by one Hale and the defendant. Both makers appeared on the face of the note to be equally principals, as nothing was said to the contrary. Kent

pleaded that he signed the note as a surety only, and that he had been discharged by day of payment given to the principal without his consent or knowledge. On hearing the case, the court went into a very full review of the various decisions and authorities on the question involved, and in conclusion, laid down a rule, which seems to us to be safe and reasonable. The court said :

" We are, on the whole, of opinion, that the rule is, when a maker of a note, who has signed as a surety, does not appear on the face of the paper to be a surety, he is to be considered and treated as a principal, with respect to all those *who have no notice of his real character; but, that wherever it is material, a defendant may shew by extrinsic evidence, that he made the note as a surety only, and that it was known to the plaintiff that he was only surety.*"

This, it will have been observed, is a case between the maker and payee, yet the court held, in effect, if the payee *had notice* that the maker signed only as surety, it might be relied on in defence, and shewn by extrinsic evidence; and this too, notwithstanding the payee might appear to be a principal on the face of the note: and what well founded objection is there to the rule, that requires the payee of a note, which is signed by several, one of whom is known to him to have signed as security only, to treat the security as belongs to his real character? But, in the case at bar, the question arose between joint, or joint and several makers, who must be presumed to know in what character each of the parties signed, and besides, as we have before intimated, the notes had been paid, and all obligation, arising under them, had been extinguished. Nor was the question between the makers and the payee, or any one holding under him, but between the makers themselves.

Again : the evidence offered was to prove that the plaintiff and defendants were partners, and that the demands for which the notes were given, were partnership debts, as between the plaintiff and defendants. If the presumption arises, as we have seen, that ordinary joint makers know in what character each has signed, much more may it be presumed that partners who are giving a note for a partnership demand, must be acquainted with the character which they bear in relation to each other.

Can one partner maintain an action at law against another, for moneys paid, advanced, or contributed on account of the partner-

ship? We answer, he cannot, because "in the first place, upon the mere technical principles of the common law, one partner cannot sue the other for a contribution, or payment made for a just partnership liability, for in such a suit, all the partners, including himself, must be made defendants; and it is clear, upon the acknowledged principles of pleading at the common law, that a party cannot at once be a plaintiff and a defendant in the same suit; or, in other words, he cannot sue himself either alone, or in conjunction with others. But a reason far more satisfactory, because it is in no shape founded on technical principles, is *that until the partnership concerns are ascertained and adjusted, it is impossible to know whether a particular partner be a debtor or a creditor of the firm;* for although he may have advanced large sums on account thereof, he may be indebted to the firm in a much larger amount." [Vide Story on Partnership, 323, 324, 325.]

Such being understood, as the true principle which governs the question—it follows, necessarily, that a plea might be so framed with proper averments, as to constitute a bar to a plaintiff's recovery. Such a plea was not, however, filed in this case, but there was issue joined on the plea of non-assumpsit, and we do not doubt that the evidence was admissible under that plea; because it went to shew that the demand sued for was not a legal one, and that the plaintiff had no right to recover in a court of law; for if the plaintiff did pay the money, he paid it as well for himself, as for others, who were his partners, and we have seen, that in such a case an action at law will not lie.

Let the judgment be reversed and remanded.