Reid v. Nash, Judge &c.

23 733
97 564·
23 733
142 210

REID vs. NASH, JUDGE, &c.

1. In debt on an administrator's bond, to charge his sureties with a judgment rendered against him as administrator to be levied *de bonis intestatis*, it is not necessary that the declaration should allege that the judgment was rendered on a debt which was a proper charge against the estate, or against the administrator as such.

2. When the record shows that pleas were filed and demurred to, the pleas found in the record will be presumed to be those which were filed, although they are not signed by counsel, nor endorsed as filed.

3. *Nil debet* and performance generally are not good pleas to debt on bond assigning special breaches.

4. A plea averring that the judgment against the administrator was not a proper debt or charge against the intestate, nor against his administrator as such, is but the statement of a conclusion, and therefore demurrable.

5. A plea averring that the intestate's estate has been duly declared insolvent and is in progress of settlement, is fatally defective on demurrer.

6. So also is a plea containing the additional averment that plaintiff failed to present his judgment as a claim against the estate within six months after the declaration of insolvency.

7. A plea of *plene administravit* is bad on demurrer, if it does not allege that the assets were fully administered before suit brought.

8. Consent to "plead in short," where a demurrer is interposed, dispenses only with formal matters, and not with matters of substance; if a plea is pleaded by name, all material averments will be considered as made; but if it is partly drawn out, the want of a material averment is fatal.

ERROR to the Circuit Court of Choctaw.

Tried before the Hon. LYMAN GIBBONS.

DEBT on an administrator's bond, in the name of Preston G. Nash, Judge of the County Court of Sumpter, for the use of Thomas C. Crimm, against James M. Reid, the plaintiff in error; the suit having been discontinued as to the other obligors in the bond, upon whom process was not served. The declara-

tion sets out the bond, and alleges a special breach of the condition, to-wit: the recovery of a judgment against the administrator to be levied *de bonis intestatis*, the issue of an execution and its return "no property found," and assets in the administrator's hands more than sufficient to satisfy it, which he wasted, and converted to his own use. The defendant demurred to the declaration, but his demurrer was overruled. The pleas are stated at length in the opinion.

WATTS, JUDGE & JACKSON, for plaintiff in error:

1. The declaration is defective, and the demurrer thereto should have been sustained. It is not averred in the declaration that the judgment recovered against James H. Owen, as the administrator of John M. Owen, deceased, was upon any act or indebtedness of the said John M. Owen in his life-time, which constituted a proper charge against his estate, or upon any debt or act which was or could have been a proper charge against the said James H. Owen, as administrator of said estate. As against the administrator, the rendition and non-payment of a judgment, of the form of that stated in the declaration, would be *prima facie* evidence of a *devastavit;* but, as against the sureties of the administrator, it is not even *prima facie* evidence, they not being parties to the suit. To fix the liability of the sureties of an administrator, an actual *devastavit* must be shown; and, of course, it must be averred.—See Williams v. Hinkle *et al.*, 15 Ala. 713, and authorities there cited. In the case at bar, the surety, and not the administrator, demurred to the declaration.

2. The demurrer to the pleas of defendant below, should have been overruled. The record shows that the demurrer was to all the pleas jointly, and not to each plea separately; therefore, if any one of the pleas be good, this court must reverse.—Spann v. Boyd, 2 Stew. 480; Kent v. Long, 8 Ala. 45. Some of the pleas may be bad, but it is insisted that some of them are good; and being "in short by consent," form was dispensed with.

To sustain the third and fourth pleas, see Williams v. Hinkle, 15 Ala. 713, and authorities there cited.

Upon the fifth and sixth pleas, see Powe & Smith v. Sterrett, judge, &c., 16 Ala. 339.

Besides, under our statute, "no security for an executor or

administrator shall be chargeable beyond the assets of the testator or intestate, on account of any omission or mistake in pleading of the executor or administrator."—Clay's Dig. 228 § 34. If then, the administrator in the case at bar omitted to plead, when he was sued on the claim or demand upon which judgment was rendered, the matters set forth in pleas numbered five and six, it is clearly competent for his sureties to do it when they are sued, otherwise the statute above cited would be a nullity.

The seventh, which is a plea of *plene administravit*, is clearly good ; under our statute above cited, the surety should be allowed to interpose this plea.—Williams v. Hinkle, *supra*.

3. But it may be contended that the pleas are defective, or are not to be treated as pleas, because they are not signed by counsel. That this is not a defect available on demurrer, see DeForest, Morris & Wilkins v. Elkins, 2 Ala. 50. The filing of a plea is an admission that a declaration was filed.—(Arthur & Corprew v. Broadnax, 3 Ala. 557.) So is the filing of a demurrer an admission that a plea was filed ; and the defendant in error having demurred to these pleas, as pleas, is now estopped from asserting that they are not pleas. The statement of the clerk in the record that the pleas were not signed, is no part of the record, and cannot be looked to for any purpose.

R. H. Smith, *contra* :

The declaration is good.—Thompson, judge, v. Searcy *et al.*, 6 Port. 393 ; Burke v. Adkins, 2 Port. 236.

*Nil debet* to an action on a bond, is a bad plea. The second plea is performance generally, and this is bad to an action on a bond, when breaches are assigned. These are elementary principles.

The third and fourth pleas seek to litigate the question of indebtedness of the estate, notwithstanding a judgment and return of no property against the adm'r. That this cannot be done, see Dean *et al.* v. Portis, 11 Ala. 104. This case holds (p. 107) that " the judgment rendered in the primary cause cannot be opened by the pleadings and evidence." The conclusion results too from the fact that the administrator is the sole representative of the estate. When no fraud in submitting to the judgment is set up, to allow the securities to

contest the judgment, to which they are privy, would be to make them in fact *quasi* personal representatives of decedent. If fraud were set up, it could not be done by plea at law, but must be by bill in chancery. It does not follow that the judgment was submitted to by fraud because of the facts contained in the fifth plea; and it must be taken most strongly against the pleader. In rules against the sheriff for not making money, it nas been often held that the securities need not be parties to the rule, and yet as a consequence of the verdict, a judgment goes against the sureties.—Gary v. Frost & Dickerson, 5 Ala. R. 638.

It is erroneously supposed that the statute of 1826, and the case of Williams v. Hinkle, 15 Ala. 713, allows these pleas.— Dean *et al.* v. Portis, *supra*, p. 107. The mispleading or failure to plead by the executor cannot, by statute of 1826, injure the securities. The effect o" this statute is, to put the plaintiff in a suit on the bond, to prove an actual *devastavit*. If none such has occurred, it is difficult to see how admitting the conclusiveness of the judgment against the administrator can injure them, as it is no evidence of assets against them. If a *devastavit* has occurred, of course there is no injury. Williams v. Hinkle decides that the judgment does not fix a *devastavit* as against the securities, but it is very far from holding that it does not fix the indebtedness of the estate, and gives no countenance to such a position.

The fifth plea simply means this : admitting that eighteen months had expired before judgment against the administrator, admitting that the debts were all known before such judgment, the estate was not reported or declared insolvent, yet, since the rendition of the judgment, (and since the bringing of this suit,) the estate has been declared insolvent. Such is the meaning of the plea—the legal intendments being incorporated, and it receives no aid from the exception to the general rule very properly created by Powe & Smith v. Sterrett, 16 Ala. 339, nor from the statute of 1326 ; for the plea being true does not establish that there was mispleading or failure to plead, unless it can be said that not pleading that which does not exist is a mispleading or failure to plead.

It is difficult to see how the seventh plea can, in point of law, be true. Under our statute, there can be no other than an

equitable (equal) distribution of assets. How then can a plea of *plene administravit* be good under our law, without setting out that in whole or part the plaintiff was paid? In no other way than by medical bills and funeral expenses having consumed the assets, and if so, this is an exception to the rule of payment of creditors and should have been pleaded. But the plea is open to another and more fatal objection; it amounts to this: the security pleads in bar of the action, (and of course of costs accrued,) that the administrator has fully administered, not that he had before suit brought. It should have added that he (the administrator) hath not, nor on the day of commencement of the suit of the plaintiff, or at any other time since, had any goods and chattels, &c.— 3 Chitty's Pl. 944, and notes.

There are, in fact, no pleas in the record. The paper inserted as pleas has neither the endorsement of the clerk nor the signature of counsel, and it would be dangerous to treat every pretended paper found by the clerk among the files as part of the record. The judgment only shows there were pleas and a demurrer to them which was sustained, but *non constat* that these are the pleas.—Murrah v. Br. Bank Decatur, 20 Ala. 392; Br. Bank Decatur v. Moseley, 19 Ala. 222. It has also been held by this court (I think in 24 Ala.) that a bill of exceptions not signed by the judge cannot be looked into; and it has also been held, that it must even appear that it was done in term time; and if not, how can pleas not signed or endorsed be looked to? It cannot be said that this objection should have been taken before joining in error. The error assigned is, sustaining the demurrer to the pleas. The judgment shows there were pleas, and to them a demurrer was sustained; and this is so far record, and the plaintiff in error can assign the action of the court as error. Whether a particular paper incorporated into the record constituted such pleas is not involved in the assignment of the errors, and is a very different question.

PHELAN, J.—The demurrer to the declaration of plaintiff was properly overruled. It sufficiently avers that a judgment had been rendered against the administrator, James H. Owen, as such, to be levied *de bonis intestatis*. It was not necessary to go further in a declaration, whether against the administrator himself or a surety.—Thompson v. Searcy, 6 Por. 396; Wil-

liams v. Hinkle, 15 Ala. 713. If upon the trial it should appear, as in the case last cited, that the judgment was really not a proper judgment against the administrator as such, the surety would then be at liberty to make the question.

The record shows that pleas were filed, and demurred to; we must, therefore, intend that these pleas which are found in the record were the pleas that were filed, although not signed by counsel, nor endorsed by the clerk as filed.

The first and second pleas, *nil debet* and *performance generally*, to debt on a bond with condition and special breaches assigned, are too manifestly demurrable to need observation.— Tait v. Parkman, 15 Ala. 253.

The third plea simply avers that the debt on which the judgment against the administrator was rendered, was not a proper debt or charge against the intestate, or defendant as his administrator. This naked averment, without facts, can amount to nothing, as an answer to the declaration. The consent to "plead in short," where a demurrer is interposed, covers only formal matters, and not matters of substance.

The fourth plea avers that the judgment mentioned in the declaration was confessed by the said administrator, and was not founded on any debt or proper charge against the intestate.— Like the third, it is the mere averment of a conclusion without facts. Even fraud is not imputed. This plea was of course defective, in like manner with the last.

The fifth and sixth pleas are in these words:

"5. That the said estate of the said John M. Owen, deceased, has been by the Orphans' Court of Sumpter County aforesaid duly declared insolvent, according to the statute in such cases made and provided, and that the same has not yet been settled up and closed, but that the same is now in a course of settlement in the Probate Court of said county."

"6. That said estate of the said John M. Owen was by the said Orphans' Court &c., duly declared insolvent, according to the statute, &c., on the          day of          , and that said declaration of insolvency continues in all respects in full force; and that said Thomas C. Crimm, the plaintiff in said judgment, wholly failed and neglected to file his judgment, or any transcript or statement thereof, in said Orphans' Court, within six months after such declaration of insolvency."

The fifth plea does not say *when* the estate of John M. Owen was declared insolvent. If after the judgment, it would not affect it any way; and even if before, and the administrator neglected to plead that, it could not be made available by itself as a defence to this action. The same may be said of the failure of the plaintiff to present his judgment as a claim against the insolvent estate: it is no defence to this action.

The seventh plea is in these words: " 7. The said James H. Owen, administrator as aforesaid, has fully administered and paid out, according to law and the statute in such cases made and provided, all the assets of the said John M. Owen, deceased, which came to his hands to be administered."

The defect of this as a plea of *plene administravit* arises from the want of an averment that the administration of the assets was made before this suit was brought. If made after, it would be no answer. Had the plea been pleaded by name, as the record states that the pleas were taken "in short by consent," all material averments would have been considered as duly made. But when the plea is drawn out to some extent, the want of a material averment makes it demurrable, even when it is pleaded "in short by consent"; and that is the case with all the pleas in this record, except the plea of *nil debet*, which is pleaded by name. Mere formal parts only are considered to be dispensed with by the consent given, and not matters of substance, when pleas are taken "in short by consent," unless it is where a well known plea is pleaded by name.—Gayle v. Randall, 4 Por. 232; Pollard v. Staunton, 5 Ala. 451.

We find no error in the record, and the judgment below is affirmed.