# Carmelich *v.* Mims.

*Action on Promissory Note, by Indorsee against Maker.*

1. *Sufficiency of pleas; "failure of consideration;" "fraudulent misrepresentation."*—A plea of "failure of consideration," or "fraudulent misrepresentation," not stating the facts, and not pleaded "in short by consent," is defective, and the objection may be taken by demurrer, as well as by motion to strike the pleas from the files.

2. *Same; averment of facts, or legal conclusions.*—In an action on a note given for the first annual premium on a policy of life insurance, a plea averring that the defendant was induced to take the insurance. and to execute his note, by the representations of the agent of the insurance company, with whom he was dealing, that the policy would contain certain stipulations, specifying them; that the policy, when delivered, contained no such stipulations, but the provisions therein contained "were entirely different;" and that he returned the policy to the company "within a reasonable time" after discovering that it did not contain the stipulations represented,—is demurrable, because it states legal conclusions instead of facts.

3. *Who is proper party plaintiff.*—An action on a promissory note payable at a bank is properly brought in the name of the indorsee, or holder of the legal title (Code, § 2594), although he may not be the beneficial owner.

[Carmelich v. Mims.]

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Livingston Mims, against Frank M. Carmelich; was commenced on the 7th November, 1886; and was founded on the defendant's promissory note for $499, which, as described in the complaint, was dated June 18th, 1886, payable to his own order, at the First National Bank of Mobile, on the 1st October after date, and indorsed by him, before maturity, to the plaintiff.

The defendant filed five pleas, as follows: "(1.) General issue." "(2.) Failure of consideration." "(3.) Deception and fraudulent misrepresentation in obtaining said note." (4.) *Actio non*, because he says that, at and before the day when said note was given, plaintiff was the general agent in Mobile of the New York Life Insurance Company, and had employed one Moore to assist him in procuring policies; that Moore called on defendant, and urged him to take a policy with said company, "pressing on him a glowing and highly colored account of the many advantages over other companies, and representing and guaranteeing to defendant that, if he would take policies to the amount of $10,000, he could draw a dividend of at least $499 at the end of five years, or, if he did not wish to draw it then and in that way, at the end of twenty years he would be entitled to fifty per cent. of the amount he had paid in as premiums, besides said $10,000 called for by said policies;" that defendant trusted to these representations, and was thereby induced to take two policies in said company, of $5,000 each, and to give the note now sued on for the first premium due on one of them; that he received the policies about two weeks afterwards, "and within a reasonable time thereafter, upon carefully reading them over, and examining the various clauses therein, he ascertained, to his surprise, that they contained no such beneficial conditions as had been represented to him by said Moore, and upon the faith of which said contract of insurance was made and taken, but that the provisions therein contained were entirely different from those promised to be issued to him;" that thereupon, not being able to find said Moore, he returned said policies to the local agents of the company in Mobile, who sent them back to him "in a short time," and refused to "have anything to do with it;" that he then forwarded them to the company in New York, and said company still had possession of them; wherefore the consideration of said note has wholly failed. (5.) That plaintiff is not the owner

[Carmelich v. Mims.]

of said note, nor the party really and beneficially interested in it.

The plaintiff demurred to each of these pleas except the first, assigning the following grounds of demurrer: to the second, "because it does not state the facts constituting the alleged failure of consideration;" to the third, " because it does not state the facts constituting the alleged deception and fraudulent misrepresentation;" to the fourth, "because it does not show in what respect the policies issued to the defendant differed from those promised to him, and because it fails to set forth the policies referred to, or their provisions, and because it does not show when the defendant read and examined the policies delivered to him, nor when he returned the same and demanded his note;" and to the fifth, "because the complaint shows that the note sued on is payable in bank, and that it was indorsed to plaintiff before maturity." The court sustained each of these demurrers, and the plaintiff had a verdict and judgment on issue joined on the first plea.

The rulings on demurrer are now assigned as error.

OVERALL & BESTOR, for appellant.

R. H. CLARKE, contra.

SOMERVILLE, J.—1. The second and third pleas were manifestly demurrable in failing to state the *facts*, which, in the one case, constituted the alleged "failure of consideration," and in the other the alleged "fraudulent misrepresentation," relied on by the defendant as a defense to the suit. *Phœnix Ins. Co. v. Moog*, 78 Ala. 284, 301, and cases cited; Code, 1886, § 2674.

An entirely different case would be presented, if ordinary pleas had been interposed by their respective and well known names, as recognized in the settled nomenclature of pleading, or by common practice, and this had been done '"in short by consent." The substance and legal effect of such pleas are well understood, and the practice of pleading in this succinct and convenient mode has long prevailed in this State.—*Pollard v. Stanton*, 5 Ala. 451; *Lacy v. Rockett*, 11 Ala. 1002; *Governor v. Bancroft*, 16 Ala. 605; *Reid v. Nash*, 23 Ala. 733.

A motion to strike the pleas from the files was unnecessary, the objection being properly raised by demurrer; and the sustaining of the demurrers was free from error.

22

[Allen v. Young.]

2.   The fourth plea, which sets out certain specific facts as a failure of consideration—by way of special plea—was also defective, and subject to demurrer.   Its merit materially depended on two facts:   *First,* that the policies of insurance delivered to the defendant varied in certain important particulars from those agreed to be delivered by the agent of the company, by failing to incorporate specified conditions; and, *secondly,* that the defendant refused to accept these policies after examination of their contents, and returned them within a reasonable time.

In our opinion, the plea should have set out so much, in substance at least, of the policies actually delivered, and of those agreed to be delivered, as to enable the court to pass upon the question of material variance in the provisions of these instruments.   And so of *the time* when the defendant received the policies actually delivered, and how long he retained them in possession before returning them for rescission.   The question of what is "a reasonable time" in such case, is often one of law for the court to determine, where the facts are not controverted, and the inferences to be deduced from them are clear; and it may be that this was a case of that nature.—*Aymar v. Beers,* 17 Amer. Dec. 538; *note,* 544; 2 Parsons Contr. (7th Ed.) *677; *Sheffield L., I. & C. Co. v. Neill,* 87 Ala. 158; *Holbrook v. Burt,* 22 Pick. 546.

3.   The note sued on, being payable at "a designated place," is commercial paper within the meaning of our statute.   The action was, therefore, properly instituted in the name of the plaintiff, as the holder of the legal title.   It is not a case in which the action is required to be brought in the name of the beneficial owner.—Code, 1886, § 2594; *Ala. Coal Mining Co. v. Brainard,* 35 Ala. 476.

The demurrers were properly sustained to all the pleas, and the judgment is affirmed.