# Woodall *et al. v.* Wright *et al.*

*Action against Administrator's Bondsmen for Failure to pay Decree of Chancery Court.*

1. *Filing of claim against insolvent estate; applies to judgments against intestate and not to judgments against administrator.* The requirement of section 306 of the Code, that all claims against an estate which has been declared insolvent must be filed within six months from the declaration of insolvency applies to judgments rendered before such decree of insolvency against the intestate, and not to those judgments rendered against the administrator.

2. *Declaration of insolvency as defense by administrator's sureties against judgment rendered previously to such declaration,* (*Acts* 1898-99, *p.* 85).—In an action against an administrator's bondsmen to recover a judgment against such administrator, a plea relying on the fact that the intestate's estate had been declared insolvent, since the rendition of such judgment, presents an immaterial issue.

3. *Judgment against administrator; bondsmen not estopped thereby from denying want of assets.*—The sureties on an administrator's bond are not estopped by a judgment against such administrator, in action against them to recover the amount of such judgment, from denying that the administrator had come into the possession of assets with which to discharge the indebtedness.

4. *Same; same; defective plea.*—A plea by his bondsmen which avers only that sufficient assets did not come into the possession of the administrator to pay the judgment against him, is defective.

APPEAL from Circuit Court of Marshall.

Tried before the HON. JAMES A. BILBRO.

This is an action brought by appellants, Irene Woodal and Willie Chambliss, suing by her next friend, against I. A. Wright, J. B. Manning, and Hodge Woodall as administrator of D. A. Thomas, deceased, the defendants being sureties on a bond of Robert I. Wright, as administrator of the estate of Martha E. Chambliss, said bond being in the amount of $3,000. The complaint alleges that said bond was broken in this: "That on the 19th day of May, 1900, plaintiffs did recover a judgment in the Chancery Court of Marshall County, against the said Robert I. Wright, as such administrator, to be levied of the goods and chattles of the said decedent, Martha E. Chambliss, for the sum of forty-seven and 60-100 dollars, on which judgment, execution 'de bonis intestatis', and also execution personally against the said Robert I. Wright have been issued and return by the Sheriff, "No Property," and that the said judgment remains due and unpaid, with interest. 2. Tha' on the 19th day of May, 1900, plaintiffs did recover a judgment in the Chancery Court of Marshall County against the said Robert I. Wright, as such administrator, to be levied on the goods and chattles of said decedent, Martha E. Cham-

bliss, for the sum of $375, on which judgment, execution 'de bonis intestatis' and also personally against the said Robert I. Wright, have been issued and return by the Sheriff "No Property," and that said judgment remains due and unpaid with the interest." Defendant pleaded in answer to said complaint as follows: "1st. Said bond has not been broken in manner or form as in said complaint alleged." "8th. And for further answer to said complaint the said J. B. Manning avers and alleges that on the 9th day of July, 1900, the said estate of the said Martha E. Chambliss, mentioned and described in said complaint was, by the probate court of Marshall county, which court had jurisdiction of the estate of. Martha E. Chambliss, was declared insolvent, and that the claim of the said Irene Woodall and Willie Chambliss, considering said decree of Chancery Court, was not filed as a claim against said estate, as required by Section 306 of the Code." "9th. And for further answer to the said complaint the said J. B. Manning pleads and says: That on the 9th day of July, in the year, 1900, the estate of the said Martha E. Chambliss, was by the Probate Court of Marshall County, Ala., which court then and there had jurisdiction of said estate, duly declared insolvent, and that by said decree of insolvency, the said Robert I. Wright was released and discharged from any and all obligation to pay said decree of the said Chancery Court, otherwise than directed and decreed by the Probate Court proceeding to settle said insolvent Estate, and the said Robert I. Wright was not bound nor obligated to, as said administrator, nor was his surety bound to pay, if he discharged said decree of the said Chancery Court, further than to see that the said Irene Woodal and Willie Chambliss had and received their distributive shares of said insolvent estate, to which they were entitled by reason of said decree of the Chancery Court of Marshall County, Alabama, mentioned and described in said complaint." "14. And for further plea, the defendants John Manning and Hodge Woodal, as the administrator of the estate of D. C. Thomas, deceased, say that the alleged breaches of the bond sued on was the failure of the defendant Robert

[Woodall *et al.* v. Wright *et al.*]

I. Wright, as the administrator of the estate of Martha E. Chambliss, deceased, to pay two certain decrees rendered by the Chancery Court of Marshall County, Ala., on the 19th day of May, 1900, in favor of complainants, one for the sum of $47.68, and the other for the sum of $375, and costs of the suit, and these defendants deny that the said Robert I. Wright as such administrator ever came into the possession of assets of said estate with wh'ch to discharge the said decrees." Plaintiff demurred to pleas 8 and 9 on the following grounds: "1st. It is not averred that said judgments were not rendered against said Robert I. Wright in his representative capacity, but seeks to set up facts to show that one was erroneously rendered against him in his representative capacity as such administrator. Because said pleas seek to impeach the correctness and regularity of a decree of the Chancery Court; because the remedy to correct the error set up in said plea, if such error was committed, was by appeal. Because the pleas attempt to impeach collaterally a decree of the Chancery Court; because the defendant Woodal seeks to plead a personal defense of the said J. B. Manning; because it sets up a defect in the pleading of the administrator in the Chancery Court. 2nd. Because the averment that the sureties were discharged by the decree of insolvency is a conclusion. 3rd. Because it is not averred that as a decree of insolvency was rendered before the judgment averred in the complaint was rendered. 4th. Because it is not averred that there was any suggestion or plea in the Chancery Court of a declaration of insolvency, or of an insolvency proceeding pending, and is not averred that the said decrees were certified to the Probate Court by the Register. 5th. Because it seeks to set up a defect in the pleadings of the administrator in the Chancery Court. 6th. Because the decree of insolvency was rendered after the decree of the Chancery Court. 7th. Because Section 3°6 has no application to judgments or decrees rendered before the declaration of insolvency. 8th. Because the facts averred are no defense to the sureties in this suit." Plaintiff demurred to the 14th plea on the

following grounds: "Because it is not averred that assets were not received with which to discharge said decrees or any part thereof. 2. It is not averred that assets were not received sufficient to pay a part of the demand." The court overruled the above demurrers to each of said. separate pleas, to which ruling plaintiff separately excepted. There were verdict and judgment for defendant, issue having been joined on the pleas set out above. Plaintiff appeals, and assigns the ruling of the trial court on the above demurrers as error.

O. D. STREET, for appellant.—If the administrator suffer judgment to go against him without first obtaining a declaration of insolvency, or instituting a proceeding therefor, or without pleading such declaration of insolvency; or proceeding pending, he is forever. precluded, so far as Section 306 of the Code is concerned, from making that defense.—*Reid v. Nash,* 23 Ala. 723;*McDonald v. Cox,* 104 Ala. 379; *Stern v. Collier,* 101 Ala. 424. Act 1898-9 is expressly limited to the administrator personally, and does not affect the liability of the surety. *Mount v. Stewart,* 86 Ala. 365; *Phillips v. Wade,* 66 Ala. 53. . Exemption does not arise in favor of administrator until judgment has been properly certified. The statute does not expressly relieve either the administrator or his sureties from liability to suit on his bond for a failure to pay a judgment or decree against the administrator, in his representative capacity.—*Bean v. Portis,* 11 Ala. 104; *Harrison v. Harrison,* 39 Ala. 500.

The presumption of sufficient assets rising against an administrator on a judgment against him does not apply to administrator's surety.—*Banks v. Spears,* 97 Ala.

Plea 14 avers that administrator never came into possession of assets of said estate with which to discharge the said decree. This plea is bad because it did not aver that he did not receive assets sufficient to pay any part of said decrees.

J. A. LUSK, *contra.*—The funds received by the administrator are according to the averments and theory of

14c

plaintiffs, not funds of the estate and no action will lie against him in his representative capacity for the conversion of such funds.—*Spottswood v. Bentley,* 132 Ala. 266. One not a creditor of nor interested in the distribution of an estate cannot maintain a suit on the bond of the personal representative.—*Williams v. Stoutz,* 92 Ala. 516; *Morrow v. Wood,* 56 Ala. 1. For the taking of property belonging to a third party by an administrator, claiming in his representative capacity, when he is sued therefor, the suit is really one against him as an individual and does not bind the assets of the estate nor subject him to liability in his representative capacity. The sureties on the bond are not bound by the adjudication. 3 Mayfields Digest, 714; 11 Am. & Eng. En. p. 943; Note 66 Ala. 266.

ANDERSON, J.—This suit was brought by the plaintiffs against the defendants, as sureties on the administrator's bond of one, Robert I. Wright, who is not made a party defendant, and was based on certain judgments rendered in the chancery court against him as administrator in May, 1900. Defendants interposed, among others, pleas 8, 9 and 14, and to each of which plaintiff filed demurrers, and the ruling of the trial court in overruling said demurrers is brought here for review.

Plea 8, sets up that the estate was declared insolvent, July, 9th, 1900, which was after the rendition of the judgments, and that said claims were not filed as is required by Section 306 of the Code of 1896. The requirements of said section, that all claims must be filed within six months from the declaration of insolvency, applies to judgments rendered before such decree of insolvency against the intestate and not to those judgments rendered against an administrator.—*Ried v. Nash,* 23 Ala. 738. The demurrer to the plea should have been sustained.

Plea No. 9, sets up as a defense the declaration of insolvency subsequent to the rendition of the judgments, and relies on Acts, 1898-99, page 85, which said act is intended to relieve the administrator of any personal liability on judgments obtained before the estate is declared insolvent, after they have been properly certified from the courts where obtained. Such judgments were never binding on the sureties so as to estop them from denying

[Hosea v. Davis, Admr.]

that the administrator had come into assets with which to discharge the indebtedness, and as the administrator is not a party, the plea presents an immaterial issue. Besides, if material, it fails to aver that the judgments were certified as is required by the act and which was essential to relieve the administrator personally.

Plea 14 sets up a want of sufficient assets in the hands of the administrator to discharge the judgments. A judgment against a personal representative to enforce a debt or liability of his intestate, is not binding on the sureties on his bond, so as to preclude or estop them from denying that the administrator had come into the possession of assets with which to discharge the indebtedness. *Banks v. Speers,* 97 Ala. 560. While the sureties have a legal right to plead a want of assets, we think a plea is defective, which avers only a want of sufficient assets, and that the demurrer, for that reason, should have been sustained. For the above mentioned error the judgment is reversed.

Reversed and remanded.

MCCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.