# Ouchita National Bank v. Fulton.

### Executor's Contest.

(Decided January 13, 1916.   70 South. 722.)

Executors and Administrators; Judgments; Insolvency; Contestability.—Where the provisions of § 2796, Code 1907, have been complied with, a judgment so secured and so certified not only relieves the administrators from personal liability, but makes the judgment a fixed charge against the estate, so that it is thereafter incontestable in the probate court, and such a contest sought to be instituted is subject to demurrer.

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Proceedings in the estate of Henry W. Eggler on the claim of L. A. Fulton, contested by the Ouchita National Bank. From a judgment sustaining demurrers to the contest and dismissing it, the Bank appeals. Affirmed.

L. A. Fulton recovered judgment before insolvency was declared against the estate of Henry W. Eggler, in a suit against the administrator, which judgment was duly certified, and lodged with the probate court as a claim against the administrator de bonis non before insolvency of the said estate. The appellant, Ouchita National Bank, objected to the allowance of the claim, notwithstanding the fact that it had been reduced to judgment, on the ground that the note on which judgment had been taken was without consideration, and also that the note was not signed by deceased, contending that the judgment

rendered against the administrator before insolvency was not conclusive against the creditors of the estate after insolvency.

A. LATADY, and STERLING A. WOOD, for appellant. WILLIAM VAUGHAN, and SMITH & McCARY, for appellee.

ANDERSON, C. J.—It has no doubt been the law in this state, and may be yet, except as provided by statutes hereafter noticed, that a judgment against an administrator in chief was not conclusive against an administrator de bonis non.—*Brothers v. Gunnels,* 110 Ala. 437, 18 South. 3; *Graves v. Flowers,* 51 Ala. 402, 23 Am. Rep. 552; *Martin v. Ellerbe,* 70 Ala. 341. We have statutes, however, regulating judgments against insolvent estates and providing for the payment of same. Section 2795 of the Code of 1907 provides for the payment of a judgment obtained under section 2794; that is, judgments obtained after the estate is declared insolvent, but which said sections do not apply to judgments against an administrator before the estate is declared insolvent. The judgment in question, having been obtained before the estate was declared insolvent, is governed by section 2796, first appearing in the present Code as a codification of the act of February 18, 1899 (Laws 1899, p. 85, § 7), and which is as follows: "After judgment or decree has been rendered in any court against an executor or administrator for any debt, damages, or costs, if the estate is subsequently declared insolvent, such personal representative may file a certified copy of the decree or order of the probate court declaring such estate insolvent with the clerk or register of the court in which such judgment or decree was rendered against the personal representative; whereupon it shall be the duty of such clerk or register to certify back to the probate court a copy of such judgment or decree for payment in the probate court as other claims against insolvent estates, after which no execution shall issue or be further enforced against such executor or administrator or sureties personally, by the court rendering such judgment or decree."

This statute was evidently intended, not only to relieve administrators from personal liability upon such judgments after complying with same, but also to make the judgment a fixed charge against the estate, and requiring the "payment" of same

as other claims are paid, that is, in the same proportion. The statute does not say, or mean, that it must be established or proved, but that it must be certified for payment, and which, in effect, makes it uncontestable in the probate court. Whether it could be contested in some other tribunal for fraud or collusion we are not called upon to decide, but it cannot be so contested in the probate court as authorized by section 2795 as to judgments obtained under section 2794. The judgment in question, having been certified to the probate court under section 2796, was not contestable, and the trial court did not err in sustaining the appellee's demurrers to the appellant's contest.

The case of *Woodall v. Wright*, 142 Ala. 205, 37 South. 846, is not opposed to the present holding. True, it was there said that the foregoing statute was intended to relieve administrators of any personal liability upon judgments rendered against them before the estate was declared insolvent, but it was not held, or stated in the opinion, that such was the only purpose, or sole intent, of the statute, as we were then dealing with the liability of the administrator and his sureties, and this question was not involved.

The judgment of the probate court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.