(76 South. 35)

FULTON et al. v. EGGLER. (6 Div. 484.)

(Supreme Court of Alabama. May 17, 1917. Rehearing Denied June 21, 1917.)

1. EXECUTORS AND ADMINISTRATORS ⬦411— JUDGMENTS—CONTESTABILITY.

Under Code 1907, § 2796, providing that, if an estate is declared insolvent after judgment against the executor or administrator for any debt or damages against the estate, the administrator may file a certified copy of the decree of insolvency with the clerk of court, who shall certify to the probate court a copy of the judgment against the estate, after which no execution shall issue or be further enforced against the executor or administrator or sureties personally, a judgment so secured and so certified not only relieves administrators from personal liability, but makes the judgment a fixed charge against the estate, so that it is thereafter incontestable in the probate court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1620–1623.]

2. EXECUTORS AND ADMINISTRATORS ⬦411— JUDGMENTS—CONTESTABILITY.

The application of such statute follows an estate in its removal to a court of equity in spite of Acts 1911, p. 574, providing that in chancery administration of estates the court may proceed according to its own rules.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1620–1623.]

3. EXECUTORS AND ADMINISTRATORS ⬦411— JUDGMENTS — CONTESTABILITY — EQUITABLE RELIEF.

Where a creditor of an estate made his judgment incontestable under Code 1907, § 2796, a bill subsequently filed for removal of the estate to chancery, and for relief against such judgment, alleging forgery of and want of consideration for the note on which it was based, was insufficient showing of fraud, as not extrinsic or collateral to the matters determined by the judgment, and the complainant could have no relief.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1620–1623.]

4. EXECUTORS AND ADMINISTRATORS ⬦411— JUDGMENTS—CONTESTABILITY.

Code 1907, § 2796, precludes recourse to the equitable doctrine that equity will, in a proper case, enjoin a judgment holder from enforcing it to the prejudice of one who was not a party or privy in the cause resulting in his judgment.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1620–1623.]

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. EXECUTORS AND ADMINISTRATORS ⬥⟞411—
JUDGMENTS—CONTESTABILITY—STATUTE.
    Validity of Code 1907, § 2796, is not subject to question.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1620–1623.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by Laura E. Eggler against L. A. Fulton and others. From the decree rendered, respondents appeal. Reversed and rendered.

Smith & McCary, of Birmingham, for appellants. A. & F. B. Latady, of Birmingham, for appellee.

McCLELLAN, J. Code, § 2796, provides: "After judgment or decree has been rendered in any court against an executor or administrator for any debt, damages, or costs, if the estate is subsequently declared insolvent, such personal representative may file a certified copy of the decree or order of the probate court declaring such estate insolvent with the clerk or register of the court in which such judgment or decree was rendered against the personal representative; whereupon it shall be the duty of such clerk or register to certify back to the probate court a copy of such judgment or decree for payment in the probate court as other claims against insolvent estates, after which no execution shall issue or be further enforced against such executor or administrator or sureties personally, by the court rendering such judgment or decree."

In Ouchita Nat. Bank v. Fulton, 195 Ala. 34, 70 South. 722, this court read the statute (section 2796) to the following effect: "This statute was evidently intended, not only to relieve administrators from personal liability upon such judgments after complying with the same [i. e., the statute], *but also to make the judgment a fixed charge against the estate, and requiring the 'payment' of same as other claims are paid, that is, in the same proportion.*" (Italics supplied.)

[1] The court continues satisfied that the stated interpretation of the statute is correct. Where, without fraud or collusion, a judgment or decree of a court of competent jurisdiction is rendered against an executor or administrator for any debt, damages, or costs, and the estate is subsequently declared insolvent, the fact of liability and the amount thereof is finally established, and the amount of the judgment is a fixed, finally adjudged charge against the estate, to be paid, in its proper proportion, out of the assets of the estate. Ouchita Nat. Bank v. Fulton, supra; Code, § 2796.

[2] The application and effect of this statute is not confined to the administration of an estate in a probate court, but follows the estate upon its removal into the court of equity. The act approved April 21, 1911 (Gen. Acts 1911, p. 574), wherein it is provided that in the administration of the estates in the chancery court that court, in the exercise of such jurisdiction, may, in its discretion, proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court, did not subvert, supersede, or hinder the application and authority of the provisions of Code, § 2796, before quoted, in the courts of chancery in the circumstances falling within the purview of the statute. If the act cited was accorded a different effect, the conservative rule of the statute could be avoided by the mere act of removing the administration from the probate court, with the result that a solemn adjudication of a court of competent jurisdiction, entered without fraud or collusion, would be operative in one court and inoperative in the other, in the course of a judicial service devoted to the same purpose, with respect to the same subject-matter, in both courts. Certainly the lawmakers expressed no such intent in the act noted, and the entertainment of such a purpose, with such a result to attend, cannot be soundly implied or imputed. The act's object was to render the court of equity the jurisdiction of which over the estate had been invoked, free to use its rules, its methods, its practices to administer the trust with which it becomes concerned, but not to exempt the administration from the governing authority of statutes in consequence of the observance or application of which substantial rights have attached. To illustrate: No one would assert that a court of equity to which an estate had been removed from the probate court could remove the bar operative against a claim that had not been presented within the time prescribed for presentation.

This bill is filed by Laura E. Eggler, a distributee of the estate of H. W. Eggler, deceased, against L. Schulhoefer, as the administrator of Eggler's estate, and L. A. Fulton. It appears from the averments of the bill that L. A. Fulton sued the administrator in the circuit court of Jefferson county on a promissory note purporting to have been executed by H. W. Eggler in his lifetime. The suit progressed to judgment in favor of the plaintiff against the administrator on, to wit, May 20, 1914. If the estate was liable as the judgment concluded, it was insolvent, and was so reported by the administrator to the probate court where the administration was pending, and the judgment appropriately certified to the probate court (Code, § 2796), whereupon the estate was duly declared insolvent by the probate court. Subsequently a creditor of the estate interposed objections to the allowance of the claim represented by the judgment. The objection was disallowed; and on appeal to this court the action of the probate court in overruling the objection was approved and affirmed in Ouchita Nat. Bank v. Fulton, 195 Ala. 34, 70 South. 722. The bill further avers that the aforesaid note was in fact a forgery, and was without consideration, as L. A. Fulton, the plaintiff, well knew at the time she reduced the same to judgment. Denominating the judgment as fraudulent, it is further alleged that, with this

judgment's liability rendered ineffectual against the estate, it would be solvent, instead of insolvent, and that she would then receive a large distributive share of the estate. The bill sought, and the order of the chancellor effected, the removal of the estate from the probate court into the chancery court. Gen. Acts, 1911, pp. 574, 575. The particular prayer includes the removal of the administration "to the end that the said estate of Henry W. Eggler, deceased, may be relieved from the said fraudulent judgment; * * * that issues be made up under direction of this honorable court, and such proceedings instituted, ordered, and directed as may be necessary and adequate to the relief of the estate * * * against the said judgment;" and for general relief.

[3] The chancery court took jurisdiction of the administration, and effected its removal, and, after trying the issues arising out of the allegations of forgery of and want of consideration for the note, pronounced against the note's validity, entirely ignoring the judgment rendered by the circuit court. Since, under the effect of the statute (Code, § 2796), it appears from the face of the bill that the judgment was a fixed, finally established charge against the estate latterly declared insolvent and due to be paid in its proportion from the assets of the estate, it is clear that the bill possessed no equity whatsoever, unless its averments are efficient to invoke the cancellation of the judgment of the circuit court on the ground that there was fraud or collusion in its rendition, thereby vitiating it. It is manifest, too plain to even admit of question, that the bill's allegations do not disclose any character or quality of fraud that measures up to the standard established in this jurisdiction, and defined in the following, among others, of our decisions: Desoto Coal Co. v. Hill, 194 Ala. 537, 69 South. 948; Hogan v. Scott, 186 Ala. 310, 65 South. 209; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172. The averments of facts upon which the complainant would predicate his charge of fraud, viz. forgery of, and want of consideration for, the note, do not assert matters "extrinsic or collateral to the matter which was tried and determined by the judgment in question." Authorities supra. This court did not intimate or decide anything to the contrary in Ouchita Nat. Bank v. Fulton, 195 Ala. 34, 70 South. 722.

[4] The statute (Code, § 2796) and its manifest effect preclude recourse to the doctrine set forth in 1 Black on Judg. §§ 356, 357, and quoted in the brief for appellee, that equity will in a proper case enjoin a judgment holder from enforcing it to the prejudice of one who was not a party or privy in the cause resulting in his judgment. The statute makes the judgment a fixed charge against the estate and directs its payment from the

assets of the insolvent estate in its due proportion.

[5] The validity of the statute is not, we think, subject to question. The bill being without equity, the decree is affected with error. It is reversed, and a decree will be here rendered dismissing the bill. The administration will be continued and perfected in the equity side of the circuit court.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.