# Walling *et al. v.* Morgan County.

*Action against Tax Collector and Sureties on His Official Bond.*

1. *Action against tax collector and his sureties for breach of official bond; book of assessment admissible in evidence.*—In an action by a county against its tax collector and the sureties on his official bond, where the breaches complained of relate both to the failure of the collector to collect taxes assessed and to the failure to pay over and account for the same when collected, and the cause is tried on issue joined upon the pleas of the general issue and payment, it is competent for the plaintiff to show the amount of county taxes levied and assessed for the year or years covered by the alleged breach-

[Walling *et al.* v. Morgan County.]

es, with which the defendant as such tax collector was charged with the duty of collecting and accounting for, and for the purpose of showing this fact, the books of assessment made out and certified to in accordance with the statute, (Code, § 3986), is admissible in evidence; and the certificate of the chairman of the court of county commissioners, attached to said book giving it authenticity, is likewise admissible in evidence.

2. *Same; same; aggregate of taxes as contained in book of assessment presumed correct, and proper charge against collector.* The book of assessment made out and certified to in accordance with the provisions of the statute (Code, § 3986), when delivered to the tax collector, is his authority and warrant to collect the taxes as assessed therein, and in an action by a county against the tax collector and the sureties on his official bond for his failure to collect taxes and to account for the same when collected, the footing up of the amounts of the taxes at the bottom of each page, and the total or aggregate amount of the taxes assessed and levied, as contained in the book of assessment delivered to him properly certified, are admissible in evidence, and are presumed to be correct; and in the absence of any evidence impeaching the correctness of such aggregate, it is conclusive against the tax collector, and he is chargeable therewith, against which he is entitled to be credited with all taxes collected and paid over by him to the proper officer, and with the other credits allowed by law.

3. *Same; book of county treasurer showing payments made by tax collector admissible in evidence.*—In such an action, the book of the county treasurer, showing all items or amounts received by him from the tax collector as such during the time covered by the alleged breaches, is competent and admissible in evidence, but while presumptively correct is not conclusive against the tax collector as showing all payments made by him to the county treasurer; and it is no objection to the introduction in evidence of such book kept by the treasurer that it also contained an item of debit charged thereon against the tax collector, when it is shown that such item of debit is the exact amount of the aggregate of the taxes assessed for said year or years with which the collector was charged in the book of assessments delivered to him under the statute, and that said item was copied by the treasurer from such assessment book.

4. *Same; disposition made by treasurer of money paid over to him by the tax collector immaterial, and evidence thereof inadmissible.*—In such a case, it is wholly immaterial to any of the issues formed what disposition or application the county

[Walling *et al.* v. Morgan County.]

treasurer makes of the funds received by him from the tax collector, the tax collector being entitled to credit and is discharged of liability *pro tanto*, the moment he makes payment of taxes collected by him to the county treasurer; and, therefore, evidence tending to show to what particular fund the money paid by the collector was credited on the books of the treasurer, or that the treasurer misapplied the money paid over to him by the tax collector, is immaterial and inadmissible.

5. *Receipts; official as well as private subject to explanation by parol.*—While a receipt for money paid is *prima facie* evidence of the payment, it is not conclusive, but is open to explanation by parol evidence; and this rule applies as well to receipts given in the course of official duties as to receipts in private transactions between individuals.

6. *Action against tax collector and his sureties for breach of his official bond; admissibility of evidence.*—In an action by a county against its tax collector and the sureties on his official bond for failure to collect taxes and to account for the same when collected, the tax collector is not entitled to a credit on the amount charged against him, as shown by the book of assessment, for money which the treasurer of the county collected for him, and gave his receipt as such treasurer, where it is shown that such money was subsequently turned over to the tax collector, and he, in turn paid it with other taxes collected over to the treasurer for which a receipt was given, and for which he was allowed a credit.

7. *Same; same; statements made by tax collector.*—In such a case, the statement made by the tax collector to the probate judge of the county, in a conversation relating to the settlement of his account with the county treasurer, that he expected he and the treasurer would have a law suit over the matter, is admissible in evidence as being in the nature of an admission that he, the collector, was behind in his account with the county.

8. *Same; burden of proof.*—In an action by a county against its tax collector and the sureties on his official bond, where the breaches complained of relate both to the failure of the collector to collect taxes assessed and to the failure to pay over and account for the same when collected, and the cause is tried on issue joined upon the pleas of the general issue and payment, the burden of proof under the general issue is on the plaintiff to establish some one of the breaches of the official bond as alleged in the complaint, and when this burden has been discharged, the burden is then cast upon the defendants to prove their plea of payment.

[Walling *et al.* v. Morgan County.]

9. *Same; admissibility of bank account.*—In such a case, the-
statement taken from the bank with which the tax collector
did business and purporting to be a statement of the ac-
count kept by the bank with the tax collector as such, is in-
admissible in evidence in the absence of testimony show-
ing its correctness; and the testimony of the cashier of said
bank that the statement of the account with the defendant
collector was taken by him from the books of the bank, but.
that he did not keep the books, nor receive deposits, nor pay
out money, and that all he knew about it was that the state-
ment offered in evidence appeared in the books of the bank,
and he presumed it was correct, is insufficient to show the
correctness of the statement of the account offered in evi-
dence, and without more, it is inadmissible.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

The purpose of the suit and the pleadings in the case·
are sufficiently stated in the opinion.

The evidence for the plaintiff tends to show that W.
J. Walling, as tax collector of Morgan county, failed
pay over to the treasurer of said county between $2,500
and $3,000 of the taxes which had been collected for
the year 1893, and there was introduced in evidence a
statement of the treasurer showing this default on the
part of the tax collector.

The evidence for the defendants tended to show that
the tax collector had paid over to the county treasurer
all of the taxes which he had collected, and that the
treasurer had failed to give him credit for some of the
payments made by him. There was a conflict in the
testimony as to whether or not the treasurer had given
to the tax collector receipts for all of the taxes paid
by him to the treasurer, and as to whether some of the·
receipts given to the tax collector and his deputies
were not included in subsequent receipts given by the
treasurer upon a settlement made by the tax collector
with him.

J. D. Scruggs, a witness for the plaintiff, testified
that he was the clerk of the probate court of Morgan
county for the years 1892, 1893 and 1894, and was also
the clerk of the commissioners' court of said county
during that time. This witness identified the book of·
assessments for taxes of said county for the year 1893,.

and stated that the certificate appended to said assessment book was in the handwriting of A. W. Stephenson, the chairman of the court of county commissioners, who had died since he signed said certificate. The plaintiff then offered in evidence the book of assessments for the year 1893. To the introduction of said book in evidence the defendants objected upon the ground that it was not the book authorized by law to be delivered to the tax collector, from and by which the taxes were collected by him, and that the footings therein were not shown to have been correct. The court overruled the objection, and the defendant duly excepted. At the foot of each page in this book of assessments was written what purported to be the footing of the amounts of the several sums contained on said page. The defendant objected to the footing at the bottom of each of the pages as contained in said book of assessments being introduced in evidence, and duly excepted to the court overruling his objection.

The plaintiff then offered and read in evidence the certificate of the chairman of the board of county commissioners, showing the amounts of taxes, general and special, which were assessed and levied for the year 1893, which certificate was attached to the book of assessments. To the introduction of this certificate in evidence the defendants objected, upon the following grounds: 1. Said certificate was not evidence of the amount of taxes due the county for that year. 2. Because the several amounts named therein were not shown to be correct. 3. Because it was not shown that the said footings at the bottom of each page was correct. This objection was overruled and the defendants separately and severally excepted. The plaintiff also offered in evidence the order of the court of county commissioners showing the allowances made by the court of county commissioners to the tax collector for errors and insolvencies on taxes due for the year 1893. The plaintiff also offered in evidence the book of the county treasurer containing the statements of the county's accounts with the tax collector for the taxes of the year 1893. This book debited the tax collector with the amount of taxes for the year 1893, which he was charged

with collecting, as shown by the book of assessment delivered to the tax collector, and then credited him with the amount of taxes which he had paid over to the county treasurer. The defendant objected to the admission in evidence of the treasurer's book of accounts, upon the folowing grounds: 1. Because the account had not been shown to be correct; and 2, said book of accounts was not, of itself, evidence against the defendant. This objection was overruled, and the defendants separately and severally excepted.

The defendant, W. J. Walling, as a witness, testified that he had individually and by his deputies, paid to J. D. Epperson, the county treasurer, all of the taxes which had been collected for the year 1893, and then introduced receipts which were given to him by the county treasurer, showing the payments to the treasurer of the taxes collected by him. This witness further testified that in the account made out against him by the treasurer, several of the receipts which were given by the treasurer to his deputies were not included in said account, and that he was entitled to a credit therefor. The defendants then offered in evidence certain pages of the book of the county treasurer, which showed expenditures made for the year 1894, and they offered to show that the treasurer had paid out sums of money equalling the amount of county taxes assessed for the year 1893, less errors, insolvencies and commissions which had been allowed. The court refused to permit such evidence to be introduced, and to this ruling the defendants separately and severally excepted.

C. D. M. Young, a witness for the defendants, testified that in the year 1894, he was deputy tax collector for W. J. Walling, and assisted him in collecting the taxes in Decatur and New Decatur in Morgan county; that in April, 1894, he turned over to the treasurer the sum of $2,271.02 in county warrants, which were received by him in collecting the taxes in the year 1893; that when he turned over said warrants to Epperson, the treasurer, the latter told him that Walling, the tax collector, had settled with him on the previous day by giving him a check, and that he had promised to give

Walling a check back for the warrants held by the witness when they were turned over to the treasurer. There was other evidence for the defendants tending to show that there were no credits given the tax collector by the sheriff for these amounts of warrants turned over to him by the deputy collector Young.

J. M. Echols a witness for the plaintiff testified that in 1894, he was a deputy tax collector under Walling; that on March 20, 1894, he paid to Epperson, the county treasurer, $34.70, and took Epperson's receipt as treasurer for it; that this amount was paid to Epperson on an order from Scruggs; that upon a subsequent settlement with Walling he turned over the Epperson receipts as money paid for Walling.

J. D. Scruggs, as witness for the plaintiff, testified that in 1894 he was a deputy tax collector under Walling, and that he sent Echols word to pay the taxes he had collected over to Epperson, and that Epperson gave him, Scruggs, a check for the money paid him by Echols, which check was turned over by Scruggs to Walling about the 1st of April, 1894. The defendants moved to exclude the testimony of the witness Scruggs, in regard to the giving of the check by Epperson for the amount paid by Echols, upon the ground that the receipt given Echols by Epperson showed that the latter had received the money as county treasurer and as taxes due the county, and because the act of Scruggs in receiving the check from Epperson was unauthorized and beyond the scope of his authority as deputy collector. The court overruled the motion and the defendants jointly and separately excepted thereto. The witness Scruggs further testified that on two different occasions he had turned over money to Epperson as county treasurer, taking separate receipts therefor, and that subsequently, upon turning over checks to Epperson he took his receipt for the amount which included the money paid at that time, and the other two receipts which had been previously given by him.

James E. Peck, judge of probate of Morgan county, a witness for the plaintiff, testified, in answer to questions propounded to him, that in a conversation he had with the defendant, W. J. Walling, in regard to his set-

tlement as tax collector, Walling said that he expected that he and Epperson, the county treasurer, would have a law suit, and that he, Walling, had the advantage. The defendants who were sureties on the tax collector's bond, moved to exclude this answer, upon the grounds that it was irrelevant and immaterial, and that the statement was not made in their presence, and was not made in connection with any official duty, and no predicate had been laid therefor. The court overruled the motion, and the defendants jointly and separately excepted.

J. D. Epperson, the county treasurer, as a witness for the plaintiff, testified that after allowing the defendant Walling all the credits he was entitled to for taxes turned over to the witness as the county treasurer, he was still indebted to the county in an amount exceeding $2,500. This witness further testified that he had given him credit for all of the taxes that had been paid into the treasury, and that all of the receipts given to Walling or his deputies had been properly credited on Walling's account; that in several instances he gave the deputies separate receipts, and upon their making subsequent settlement he gave them receipts to cover the amount paid at that time and the similar amounts previously paid.

W. W. Littlejohn, a witness, testified that in the year 1894, he was the cashier of the First National Bank of Decatur, and that W. J. Walling had an account with that bank as tax collector; that he did not keep the books of the bank, receive deposits, nor pay checks, nor did he have any personal knowledge or recollection of any items on Walling's account, nor did he make any entries therein, but that he presumed the books of the bank were correctly kept, and that the statements he had of Walling's account were taken from the books of the bank. Thereupon the plaintiff introduced in evidence the statements referred to by the witness Littlejohn as being the statements of an account between W. J. Walling, as tax collector, and the First National Bank. The defendants objected to the statement being read in evidence, and moved to exclude it from the jury, because it was not shown to be

a correct statement of the accounts between Walling and the bank, and because it was immaterial, irrelevant and incompetent. The court overruled the objection, and the defendants duly excepted.

The court at the request of the plaintiff, gave to the jury the following written charges, to the giving of each of which the defendants separately and severally excepted: (2.) "The book of assessments offered in evidence made out as required by law is evidence tending to show the amount with which defendant W. J. Waling as tax collector of said county was chargeable." (3.) "The book of asessments for the year 1893 and which has been offered in evidence in absence of proof impeaching its correctness, is conclusive as to the amount of taxes assessed for the county of Morgan for the year 1893." (4.) "I charge you, gentlemen of the jury that under the facts of this case the defendant W. J. Walling as tax collctor for Morgan county for the taxes due for the year 1893, is chargeable with the amount of $37,798.34 as shown by the book of assessment offered in evidence in the cause, and in addition thereto with the sum of $1,224.66 taxes assessed and collected by himself as collector. I further charge you that he can only relieve himself from liability to pay the two sums above mentioned, first by the payment of the sum to the county treasurer, second by errors and insolvencies reported to and allowed by the commissioners court of said county; third by credits allowed for the sales of property bid in by the State; fourth, by commissions due him as such tax collector on such amounts as he may have collected; and fifth, by payments of the commissions due the tax assessor." (5.) "The tax collector stands charged to the county with the amount legally assessed for taxes as due the county, and in order to relieve himself of all this charge he must show that he has paid this amount thereof, to the county treasurer except commissions due himself and the tax assessor less the amount allowed for errors and insolvencies, and credit for lands sold and bid in by the State." (6.) "After the tax collector had received credit for errors and insolvencies and credit for lands sold and bid in by the

State and credit for commissions due himself and the tax assessor, his duty as such tax collector is not discharged or performed until he shall have paid to the county treasurer the differences between the assessments and the credits enumerated herein." (7.) "The defendant W. J. Walling, having entered upon the duty of collecting the taxes due the plaintiff for the year 1893, is not discharged from liability to the county until he has paid to its treasurer the amount of assessment for taxes for the year 1893, less the amount allowed for errors and insolvencies, the amount allowed for sales of land bid in by the State and the amount of his own and tax assessor's commissions." (8.) "The defendant in this cause having put in a plea of payment the burden of proof is upon them to establish to your satisfaction from the whole evidence that the amount with which the said Walling was chargeable has been paid to the county." (9.) "I charge you, gentlemen of the jury, that before the defendant's plea of payment can be said to be established that the preponderance of the whole evidence must show to your reasonable satisfaction that the defendant Walling has paid into the county treasury the amount of the assessment for taxes for the year 1893, less the credits to which he is entitled for errors and insolvencies for lands sold and bid in by the State, and for his own and the tax assessor's commissions." (13.) "Although a receipt may be *prima facie* evidence of the payment of the amount therein stated, still it is not conclusive, but is subject to explanation." (15.) "A receipt is always open to explanation unless it contains upon its face the elements of some contract or agreement between the parties other than the mere recital of the payment of money."

The defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that the certificate of the chairman of the county commissioners as to the amount of taxes assessed for Morgan county for the year 1893, and the aggregate footing of that assessment made by the officers of Morgan

county are not evidence against the tax collector in this case; and if upon investigation you should find that said certificate and said footing up or either are incorrect, it is your duty to disregard such footing or such certificate or such one of them as you may find upon investigation to be incorrect." (2.) "I charge you, gentlemen of the jury, that the certificate of the chairman of the county commissioners as to the amount of taxes assessed for Morgan County for the year 1893, and the aggregate footing of that assessment made by the officers of Morgan county are not by themselves or altogether evidence against the tax collector in this case." (4.) "When Walling introduces his receipts signed by the county treasurer the burden then shifts from him and to Morgan county, the latter must then show by a preponderance of the testimony that the sums included in any two of the several receipts were paid at one and the same time to the treasurer." (5.) "I charge you, gentlemen of the jury, that as between officers of the law sworn to discharge their duties and upon whom is devolved the duty of making reports one to the other and to making settlements between each other and of giving written evidence of such settlement each to the other, greater weight must be given to the receipts of such officers than receipts passing between private individuals, and I further charge you that when such receipts are sought to be explained away, the law lends a reluctant ear to such explanations and requires that such explanations be sufficiently clear and supported by that preponderance of the testimony that will produce conviction upon the minds of the jury." (6.) "I charge you, gentlemen of the jury, that as between officers of the law sworn to discharge and upon whom is devolved the duty of making reports one to the other and to making settlements between each other and of giving written evidence of such settlement each to the other, greater weight must be given to the receipts of such officers than receipts passing between private individuals; and I further charge you that when such receipts are sought to be explained away, the law lends a reluctant ear to such explanations, and requires that such explanation be

sufficiently clear and supported by that preponderance of the testimony that will produce conviction upon the minds of the jury." (7.) "I charge you, gentlemen of the jury, that it was the duty of the county treasurer to keep a separate account of all special funds and a separate account of all general funds and further that it was the duty to enter in the special funds all amounts transferred from the general funds to said special fund; and to credit the general fund with all money transferred from said fund to special fund; and that you may look to his account of said general and special fund to determine whether or not the treasurer's book has been correctly kept, and the entries made as required by law, and whether any amounts were transferred from the general fund to the special fund." (10.) "If the jury find from the evidence that the special fund has been paid in full, even though they find that such payment was made by applying thereto money from the general fund, they must give the defendants credit with the full amount shown to have been paid by him on the general fund."

There were verdict and judgment for the plaintiff, assessing the damages at $2,435.66. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

W. E. Skeggs and E. W. Godbey, for appellant. The court erred in overruling the objections to the admission of the book of assessments; the footings of said assessment book; and to the admission of the certificate of the chairman of the board of county commissioners, because the true inquiry was, what was the amount of the county taxes with which the collector was chargeable. This amount was ascertainable, not by the mere aggregate of the valuation on the tax book or by the certificate of the chairman of the board, but the items assessed to each tax payer.—*Timberlake et al. v. Brewer*, 59 Ala. 122.

The Treasurer's book for 1894, showing that the treasurer in 1894 had paid out sums of money equalling the amount of cash on hand the amount received for licenses and the amount of county taxes assessed

for 1893, less insolvencies and errors and commissions, was admissible in evidence, and the court erred in its exclusion, for this purpose, after admitting it at plaintiff's instance and over defendant's objection.—1 Wharton on Evidence, §§ 630-640; *Dudley v. Chilton County*. 66 Ala. 599.

After the plaintiff introduced in evidence the minutes of the commissioners court, making allowances to Walling for errors and insolvencies, the court erred in subsequently excluding against objection of defendants, that part of said minutes crediting him with $108.94, county taxes, and $51.69, special tax, with which he stood charged in 1892.—*Edgar v. McArn*, 22 Ala. 812; *Tolliver v. State*, 94 Ala. 112.

The court erred in allowing to be introduced in evidence what purported to be a transcript of W. J. Walling's account as tax collector with the First National Bank of Decatur, without any proof that the account on the books from which the same was taken, was correct, and without the testimony of any person who made any of the entries, received any of the deposits, or paid any the checks therein referred to.—*Hart v. Kendall*, 82 Ala. 144; *McDonald v. Carnes*, 90 Ala. 147; *Todd v. McCravery*, 77 Ala. 472.

SPEAKE & RUSSELL, *contra.*—The book of assessments of taxes for the year 1893, was properly admitted in evidence by the court. Also the footings upon each page of said assessment book, as well as the certificate of the chairman of the court of county commissioners.—Code 1886, § 520. By this section of the Code the certificate to the assessment book "should be the warrant to the tax collector of the county, to proceed to collect" the taxes due from the tax payers.—*Jackson County v. Gullatt*, 84 Ala. 243; *Timberlake v. Brewer*, 59 Ala. 108.

DOWDELL, J.—This is a suit brought by the county of Morgan against the defendant W. J. Walling and the sureties on his official bond as tax collector of said county for a failure by said Walling as such tax collector to collect and account for the county taxes lev-

ied and assessed for said county for the year 1893. The assignments of breaches of his said official bond as set out in the complaint cover the duties both of collecting the taxes as assessed, and of paying over and accounting for the same when collected.

The pleas of the defendant were the general issue and payment, and on issue joined on these pleas the cause was tried. As appears from the record the real contention in the case grows out of a dispute as to the true amount accounted for and paid over by the collector to the county treasurer. It was competent for the plaintiff under the issues to show the amount of county taxes levied and assessed for the year 1893, with which the defendant as such tax collector was charged with the duty of collecting and accounting for, and to show this the book of assessment made out and certified to in accordance with the provisions of section 520 of the Code of 1886, which was done in this case, was admissible in evidence. This section (520) also provides that the book of assessments shall contain and show a footing up of the amounts of the taxes at the bottom of each page, and which must be carried from page to page, and in conclusion show the total or aggregate amount of the taxes so assessed and levied. This having been done, the presumption of the correctness of such total or aggregate as shown on the book of assessments obtains until the contrary is made to appear by the evidence, and in the absence of any evidence tending to impeach the correctness of such total or aggregate, it is conclusive against the defendants.

The certificate on the book of assessments made by the presiding officer of the board of county commissioners is the warrant to the tax collector of the county to proceed to collect the taxes, as shown in said book of assessments, in the manner directed by law. And the tax collector being by law charged with the duty of collecting said taxes he is properly debited in the statement of his account with the aggregate amount as footed up and shown by said book of assessment, in the absence of any evidence impeaching the correctness of such aggregate.—*Timberlake v. Brewer,* 59 Ala. 108; *Jackson Co. v. Gullatt,* 84 Ala. 249; Code of 1886;

[Walling *et al.* v. Morgan County.]

§ 520. As against said debit, he is entitled to be credited with all taxes collected and paid over by him to the proper officer authorized to receive the same, also for commissions due him as tax collector under the law, and to commissions only on collections actually made, and for commissions due to the assessor, and for amounts allowed by the court of county commissioners on errors and insolvencies, and on sales of land bid in by the State. As to all items or amounts received from the tax collector as such, by the county treasurer and by the latter entered in a book kept by him for that purpose as directed by the statute, the book of the treasurer was competent and admissible in evidence, and while presumptively correct, is not conclusive against the tax collector as showing all payments made by him to the treasurer. But we do not understand the appellants as objecting to the introduction of the treasurer's book as to the items of credit given the tax collector, but to the debit item. The debit item was shown to be the exact amount of taxes with which the collector was charged with the duty of collecting, in the book furnished him under the law, and the amount was in fact taken by the treasurer from his, the collector's book, and if there was any error in the admission of the treasurer's book as to this debit item, it was harmless.

So far as concerned the defendants under the issues in this case, it was wholly immaterial as to them what disposition or application the treasurer made of the funds after receipt by him of the same from the tax collector. The tax collector is entitled to credit and is discharged of all liability the moment he makes payment to the treasurer, who is under the law authorized to receive, of the county taxes so collected, and it can be of no consequence to the tax collector in a suit by the county against him for failing to pay over taxes collected by him, to what particular fund the books of the treasurer may show money paid in by the collector is credited, whether to the general or special fund of the county, or how paid out by the treasurer. This might be of importance as between the county and

the treasurer, but it can have no bearing on the issues here between the tax collector and the county.

As stated above the real contention in this case grows out of a dispute between the tax collector and the county treasurer as to the amounts paid by the one and received by the other. And much of this dispute arises out of the giving of receipts by the treasurer. It being contended by the collector that the treasurer has failed to credit him with certain amounts represented by certain receipts, while on the other hand it is contended by the treasurer that the receipts for which the collector claims to have received no credit, are covered by other receipts subsequently given by him to the collector embracing the amounts for which the former receipts are given.

There can be no doubt of the legal proposition, that while a receipt for money paid is *prima facie* evidence of the payment, yet it is not conclusive, but is open to explanation by parol evidence; and this rule applies without any distinction as well to receipts given in the course of official duties as to receipts in private transactions between individuals. As to the money collected by Echols, deputy tax collector, the record shows that Scruggs had instructed Epperson to collect it for him; this Epperson did, not as treasurer, although he may have signed the receipts as such, but he was simply acting as the agent for Scruggs and as such agent, paid it over to Scruggs, who in turn paid it over to the defendant Walling. Under the facts upon this point, the money was received by Epperson, not as the county treasurer, but as the agent of Scruggs. Moreover, the tax collector having received this identical money to enable him to make a monthly settlement with the county, he cannot claim receipt for it on the payment of it by Echols, for this would be to credit him twice for the one amount or one payment. The declaration of Walling to the witness Peck, was made by Walling while he was tax collector, in the discharge of the duties of such office, and was properly admitted in evidence to be considered by the jury for what is was worth as being in the nature of an admission, that he was behind with the county; and if taken

as an admission of his shortage as collector it was as binding upon the sureties upon his official bond as upon him. (While the burden of proof under the general issue was on the plaintiff to establish some one of the breaches of defendants' bond as alleged in the complaint, yet when this burden has been discharged, upon the plea of payment the burden of proof rested upon the defendants.)

The statement taken from the books of the First National Bank, was, in the absence of evidence of its correctness, inadmissible when objected to by the defendants. The witness Littlejohn, cashier of the bank, testified that the statement of the account offered in evidence (which purported to be an account kept by the bank with Walling as tax collector), was taken by him from the books of the bank; that he did not keep the books, nor receive deposits nor pay out money. All that he knew was that the account as shown by the statement offered in evidence appeared upon the books of the bank and he presumed it was correct. This was insufficient, as showing, or tending to show, the correctness of the account, as kept on the books of the bank, and without this said account as evidence was not admissible.—*Hart v. Kendall*, 82 Ala. 144; *McDonald v. Carnes*, 90 Ala. 147; *Todd v. McCravery*, 77 Ala. 472.

The written instructions to the jury given at the request of the plaintiff are in harmony with the law as hereinabove stated, and the instructions requested by the defendants and refused by the court are opposed to the views we have expressed. There is no error in the rulings of the court on these written charges, except charge numbered 8, which is faulty in that it exacts too high a degree of proof; a reasonable satisfaction being what the law requires. The portions of the oral charge excepted to, when taken in connection with the rest of the charge are free from error.

For the error pointed out, the judgment must be reversed and the cause remanded.